## JOHN ZIULKOSKI *vs.* JAMES BARKER.

Third Judicial District, New Haven, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, JS.

It is not permissible for a court, by way of construction, to assign to
definite, unequivocal words of a written agreement a meaning
which they can by no possibility bear, in order to effectuate a
conceived intent of the parties; for their intent, under such circum-
stances, must be derived solely from the language of the instrument.

In connection with a deed of his farm, the plaintiff also sold to the de-
fendant all of his live stock, "hay, oats, straw, rye, corn stalks, one
barrel of cider, all vegetables, and ten bushels of apples; also all
tools, implements and machinery, except the household furni-
ture." *Held* that the defendant acquired no title to jellies, wine,
canned goods, sauerkraut, coke, and certain other articles upon
the premises, under such bill of sale, and was not justified in pre-
venting their removal by the plaintiff.

With unexpressed intent, interpretation has no concern, nor is it any
part of its office to add to or alter agreements as made by the parties.

Argued January 23d—decided March 5th, 1920.

ACTION to recover damages for the alleged wrongful
and forcible taking and detention of certain articles of
personal property owned by the plaintiff, brought to
and tried by the City Court of Meriden, *Dunne, J.;*
facts found and judgment rendered for the defendant,
and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff was the owner of a farm which he deeded
to the defendant. He also owned personal property
of various kinds situated upon the farm or in the build-
ings thereon. Coincident with the transfer to the de-
fendant of the real estate, the plaintiff executed a bill
of sale of certain of his personal property to the de-
fendant in the following language:—

"Contract.

"Said John and Barbara Ziulkoski in consideration
of the sale of the real estate as per deed this day made

to James Barker for the sum of $6,350 as per agreement dated January 4th, also sell, transfer, and set over unto the said grantee, all of the live stock, consisting of 6 cows, 3 heifers, 1 horse, 22 chickens, 9 geese, and 2 goats; all hay, oats, straw, rye, corn stalks, 1 barrel cider; turnips, all vegetables and 10 bushels of apples; also all tools, implements and machinery, except the household furniture."

Upon the premises at the time was the property enumerated in the complaint, to wit: 1 keg containing 8 gallons of wine, 1 barrel containing 34 gallons of cider, 20 glasses of crabapple jelly, 15 quart cans of tomatoes, 6 quart cans of corn, 6 quart cans of string beans, 6 quart cans of pears, ½ barrel of sauerkraut, 4 bushels of potatoes, 5 bottles of elderberry juice, 10 bushels of apples, 1 sauerkraut chopper, 1 stove grate, 1 bucksaw, 1 canning table, 2 bushels of coke, 1 kerosene oil can, and 1 pitcher. When the time arrived for the plaintiff's removal from the premises, a dispute arose over this property. The plaintiff claimed the right to remove it; the defendant to have it remain. The latter took possession of it and prevented its removal. Thereupon this action was brought.

*Alfred B. Aubrey* and *Irving G. Smith,* for the appellant (plaintiff).

*I. Henry Mag,* for the appellee (defendant), did not argue the case or file any brief.

PRENTICE, C. J. The plaintiff charges the defendant with the wrongful conversion of certain articles of personal property. The defendant justifies his admitted detention of them by a claim of ownership by virtue of a bill of sale from the plaintiff to him. Unless this admitted bill of sale embraces the property in suit,

the plaintiff must prevail. The court below held that all the property was so embraced and accordingly rendered judgment for the defendant.

A few of the articles enumerated in the complaint fall within the descriptive language used to identify those included in the bill of sale, and well might have been found to be the very ones sold. These few articles, apparently of comparatively insignificant worth, may with propriety be dismissed from present consideration, since the question of the correctness or incorrectness of the defendant's judgment rendered is not dependent for its answer upon the ownership of these particular articles at the time of the charged and admitted detention. If the judgment is to find justification, it must be for the reason that all the property enumerated in the complaint was included in the sale made, as evidenced by the writing to which the parties committed its terms.

That writing includes in the enumerated property passing to the purchaser, certain specified live stock and poultry, certain grain and forage for cattle, tools, implements and machinery, ten bushels of apples, a barrel of cider, turnips and vegetables, and nothing whatsoever else. As one reads this category of articles sold, he wonders where in it is found a place for such things, for instance, as wine, jellies, canned goods and sauerkraut. The trial court, however, was able to find one, to its satisfaction at least, through a process of construction based upon his finding that the parties intended to include in the sale all the personal property then on the premises, save only household furniture. The trouble with this method of arriving at results is that it ignores legal limitations and accords to everyday language of familiar meaning one which it will not by possibility bear. The terms used in the bill of sale to describe the property covered by it is not of double

Ziulkoski *v.* Barker.

or doubtful meaning. On the contrary, each descriptive word has a definite and entirely unequivocal meaning well understood by everybody of ordinary intelligence, and it is not permissible for a court to wrest it from that meaning and arbitrarily assign to it another, for no other reason than that the intent of the parties thereto, as it may conceive that intent to have been, may be effectuated. Language reasonably appropriate and sufficient to express an intent must be found before that intent can be given effect. The aim of interpretation is to ascertain what a writer intended by what he said, and not either to put words into his mouth or to give effect to that which it may be thought that he either intended to say or would have wished to say but didn't. Between it and reformation a wide gulf is fixed. With unexpressed intent interpretation has no concern, and it is no part of its office to add to or alter agreements made. *Comstock* v. *Comstock*, 78 Conn. 606, 612, 63 Atl. 449; *Williams* v. *Lilley*, 67 Conn. 50, 59, 34 Atl. 765.

If the plaintiff ever intended to include in his sale to the defendant the articles named in the complaint, he did not in fact use language appropriate to that end, and the title thereto accordingly never has passed from the plaintiff to the defendant.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.