## THE COLONIAL TRUST COMPANY *vs.* JOSEPH HILTON, INC.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

78

Argued January 21st—decided March 3d, 1930.

*Israel J. Cohn*, for the appellant (plaintiff).

*Joseph G. Shapiro*, with whom was *Harry Allison Goldstein*, and, on the brief, *Charles S. Brody*, for the appellee (defendant).

HAINES, J. The plaintiff brought this action upon a claim for rental of certain property in Philadelphia under a lease which is before us of record as Exhibit A, and the defendant denied liability, alleging a full release under the terms of another contract, also in the record, marked Exhibit 2. The trial court based its judgment for the defendant solely upon its construction of these contracts, holding that the language of the contracts was clear and unambiguous. The plaintiff offered certain evidence which it claimed would show the situation of the parties at the time Exhibit 2 was entered into by them, but this was excluded by the court on the ground that there was no uncertainty in the language of the contracts. To this ruling the plaintiff excepted.

The lease—Exhibit A—under which the claimed obligation arose, was from the plaintiff to the defendant, dated August 30th, 1927, and became operative November 22d, 1927, for a term of ten years, seven months and eight days from the latter date, reserving a monthly rental, payable the tenth day of each month

for the preceding calendar month. The defendant entered into possession and paid the rental required by the lease, the last payment being made August 10th, 1928, for the month of July preceding.

On July 30th, 1928, the parties made the second contract—Exhibit 2. That contract recited the giving of the lease, and further, that by the terms of that lease this plaintiff had advanced to the defendant $40,000 to assist in defraying the cost of certain alterations, additions and improvements in the leased premises, of which sum the defendant still owed the plaintiff $33,000. The recital continues: "Whereas the parties desire to cancel the said agreement [Exhibit A] and take care at this time of the said indebtedness of $33,000 in the manner hereinafter specified." The contract then provided that upon its execution the defendant would pay the plaintiff $15,000 and give four promissory notes: $5000 payable November 1st, 1928, $5000 payable December 1st, 1928, $5000 payable January 1st, 1929, and $3000 payable February 1st, 1929, a total of $33,000, and the lease was to continue till August 31st, 1928, when defendant was to vacate the premises, failing which the plaintiff reserved all rights given it under the lease for securing possession.

This brings us to the third clause of the contract—Exhibit 2—concerning the interpretation of which the parties are not in accord. The essential portion of this clause is as follows: "Provided that Hilton [defendant] shall have made the payment and given the notes and delivered possession as hereinabove provided for, and shall perform up to and including August 31st, 1928, all the agreements on its part to be performed in the agreement between the parties hereto made August 30th, 1927 [Exhibit A], by which Colonial [plaintiff] demised and let Hilton [defendant] a portion of

premises northeast corner Market and 13th Streets, Philadelphia, the said agreement shall be terminated and ended on and as of August 31st, 1928, at 6:00 p. m. until which date the said agreement shall continue in full force and effect . . . and after which date . . . . there shall be no further rights or liabilities of either party hereto to the other under said agreement."

The plaintiff seeks the addition of one of the paragraphs of the draft-finding to the effect that the rental of $6250 provided for in the lease for the month of August, 1928, has not been paid. This states the fact, conceded upon the trial and in defendant's brief, that the defendant has not paid $6250 for the use of the premises for the month of August, 1928, and we shall treat it as part of the finding.

The defendant continued its occupancy of the premises to August 31st, 1928. The rent for the preceding calendar month of July was payable and paid August 10th, and plaintiff claims that the rent for the month of August was due and should have been paid September 10th, but the defendant refused payment, on the ground that it was released from that obligation by the terms of the contract—Exhibit 2.

The construction of this contract should conform to the real intent of the parties and in determining that we consider the language used in the light of the situation which existed. Reading it as a whole, we cannot escape from the conclusion that they desired to cancel the lease in such a way that after August 31st, 1928, no further rights or liabilities should accrue thereunder, to either of the parties. It follows that rights and liabilities which did accrue thereunder up to August 31st, were to be given full force and effect. If the defendant continued to occupy the premises during that month, it did so as lessee under the terms of the lease, and it, *ex necessitate,* incurred an obligation to pay the plain-

tiff therefor $6250 required by the lease. The only question presented then is whether any intent of the parties is manifested to release the defendant from this obligation. The contract clearly reflects a purpose in section one, that the check and notes for the indebtedness of $33,000, should be given at once upon the execution of the contract. In section two a purpose appears with equal clearness to continue the lease in all its terms to August 31st. Under this provision the situation was that on August 31st, the defendant owed the plaintiff $6250, payable ten days thereafter. Turning now to paragraph three. *"Provided* that Hilton [defendant] . . . shall perform up to and including August 31st, 1928, all the agreements on its part to be performed" under the terms of the lease, it is to end August 31st, "until which date the said agreement [lease] shall continue in full force and effect . . . and after which date, subject as aforesaid, there shall be no further rights or liabilities of either party hereto to the other under the said agreement" (lease).

"Further rights or liabilities" means additional ones arising under the lease, after August 31st. The rent for August cannot be so considered. The obligation to pay $6250 in ten days was a liability which had fully accrued at the time the lease terminated and no "further liability" arose when the day of payment arrived September 10th.

It would be strange indeed if these parties had intended that the defendant should have these premises for a full month free from the rental of $6250, and we can find nothing disclosed by this record, either in the circumstances or the language of these contracts, to justify such a conclusion. Other assignments of error need not be pursued.

There is error, the judgment is set aside, and the case remanded with direction to the Superior Court to

enter judgment for the plaintiff for $6250 with interest from September 10th, 1928, and costs.

In this opinion WHEELER, C. J., and BANKS, J., concurred.

MALTBIE, J. (dissenting). The agreement for the termination of the lease was executed July 30th, 1928. It recited an indebtedness of the defendant to the plaintiff under the provisions of the lease amounting to $33,000 and provided that the defendant would, upon the execution of the agreement, pay to the plaintiff $15,000 with interest and give to it promissory notes to the additional amount of $18,000, payable some months in the future. It then contained a provision that "on August 31st, 1928, at or before 6:00 p. m. Hilton agrees to deliver to Colonial, or to such other person, firm or corporation as Colonial shall direct, full and complete posession, in order and repair of premises let and devised to Hilton by Colonial," with a further provision giving to the plaintiff the rights and remedies provided in the lease for securing possession in case of a default on defendant's part. Then follows paragraph three, the proper construction of which is the issue involved in this case, and the material terms of which are quoted in the majority opinion.

This paragraph provides that if the defendant "shall perform up to and including August 31st, 1928, all the agreements on its part to be performed in the agreement" of leasing then "the said agreement shall be terminated and ended on and as of August 31st, 1928, at 6:00 p. m." until which time it is to continue in force. Under the plain terms of this provision the defendant was obligated to pay the rent which became due in August because that was one of the agreements "on its part to be performed" before August 31st. But how

can it be said that an obligation to pay rent not due by the terms of the lease until after August 31st was one of "the agreements on its part to be performed" up to and including that day? If it was not, then by the express terms of the contract the agreement of lease was "terminated and ended on and as of" that day. How can an action for rent be based upon the lease, when by its express terms it was terminated and ended before that rent became due? That it was the clearly expressed intent of the agreement that there should be no obligations upon the defendant to pay rent after August 31st is confirmed by the concluding clause of the paragraph, that after that date "there shall be no further rights or liabilities of either party hereto to the other under the said agreement." "Liabilities" in the primary significance of the word cannot be restricted to claims which have become due and payable. "Liability in a legal sense, is the state or condition of one who is under obligation to do at once or at some future time something which may be enforced by action. It may exist without the right of immediate enforcement." *White* v. *Green,* 105 Iowa, 176, 181, 74 N. W. 928; *Hyatt* v. *Anderson's Trustee,* 25 Ky. L. Rep. 132, 134, 74 S. W. 1094, 1096; *Cochran and Sayre* v. *United States,* 157 U. S. 286, 296, 15 Sup. Ct. 628. Rent accruing upon August 31st was a "liability," though not due until ten days after, and by the express provision of the agreement that liability terminated on August 31st.

It should not be forgotten that what we are bound to regard is, not the intent the parties may have had, or the intent we think they should have had, but the intent they have expressed in their agreement. The majority opinion rests upon the proposition that, as occupancy of the premises was to continue during August, the parties must have intended that rentals

should have been paid for that month. But if they did so intend, while that might give rise to a right to have the agreement reformed, it would not justify substituting that intent for the one which is clearly expressed in the lease. Moreover, if we recall that the purpose of the lease of the premises was to carry on a retail clothing business which evidently was of considerable size, that the agreement terminating the lease was made on July 30th, 1928, and the premises were to be absolutely vacated on August 31st, 1928, at 6 p. m., the agreement that payment of the rent stipulated in the lease should follow from occupancy loses significance. And again, if reliance is to be placed upon this fact as determining the sense in which the parties used the words of the agreement, upon what grounds is it possible to sustain the ruling of the trial court excluding evidence offered by the defendant as to the negotiations of the parties prior to the making of the agreement, offered to aid in its interpretation? *Mazzotta* v. *Bornstein,* 104 Conn. 430, 439, 133 Atl. 677.

In this opinion HINMAN, J., concurred.