THE CONNECTICUT LAND AND MORTGAGE COMPANY *v.* MOLLY R. LESSER ET AL.

BROWN, JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, JS.

Argued February 9—decided April 11, 1950.

*Theodore Steiber,* for the appellant (plaintiff).

*Joseph M. Brandon,* with whom, on the brief, were *David E. FitzGerald, Jr., Charles Tomasino* and *Arthur H. Ratner,* for the appellees (defendants).

JENNINGS, J. The plaintiff lessee and defendant lessors have joined in a request for a construction of certain provisions of a lease executed by them. The question concerns the return of a deposit made to secure the obligations of the plaintiff under the lease. The facts were stipulated.

On April 19, 1945, the plaintiff leased from the defendants certain property on Main Street in Bridgeport for the term of forty years with the privilege of two twelve-year renewals. The two paragraphs of the lease which gave rise to the dispute are set forth in the footnote.[1] The first laid down the conditions under

---

[1] "15th. Anything herein contained to the contrary notwithstanding, the Tenant shall have the right to assign or sublet all or any demised premises, provided the Tenant, at the time of such assignment or subletting, is not in default in the performance of any of the terms, covenants or conditions of this lease. The assignment or subletting of said premises shall not relieve the Tenant from [its] obligation under this lease unless (a) a new tenant, satisfactory to the landlord, is secured, or (b) a new tenant who is financially responsible is secured therefor. Such new tenant must deliver an agreement in writing to the Landlords assuming the obligation of the original Tenant under this lease, whereupon the Landlord will execute and deliver a release on request of the original Tenant herein, relieving the said original Tenant from any liability under this lease. A new tenant having net assets of Seventy-Five Thousand ($75,000) Dollars, shall for the purpose of this lease be considered a responsible Tenant.

"16th. That the Tenant has this day deposited with the Landlord the sum of ten thousand ($10,000.) dollars (the receipt whereof is hereby acknowledged by the Landlord), as collateral security for the payment of the rents to grow due to it from him under this lease, and for the faithful performance by it of all the other obligations hereunder, and for the payment of any and all sums of money for which he may be or become liable hereunder."

which the lease could be assigned. The second recited the deposit by the plaintiff with the defendants of $10,000 as collateral security for the payment of rent "and for the faithful performance by it of all the other obligations hereunder."

The plaintiff assigned the lease to Martin's, Inc., hereinafter referred to as Martin's, a corporation having net assets in the sum of $75,000. At that time the plaintiff was not in default of any of the terms of the lease. Martin's entered into a written agreement with the plaintiff to assume all of the latter's obligations under the lease. The plaintiff and Martin's delivered a written agreement to the defendants wherein Martin's assumed the obligations of the plaintiff under the lease and further agreed to assume and be liable for any obligation which the plaintiff might otherwise have by reason of its covenants and agreements in the lease. Martin's has never offered to deposit $10,000 as security for the faithful performance of its obligations under the lease.

The plaintiff claims in effect that the defendants should be ordered to return the deposit on the ground that it has performed all of its obligations under the lease even though there has been no deposit of $10,000 by Martin's. The defendants claim that Martin's must make the deposit. They express their willingness in that event to return the deposit of the plaintiff and release it from its obligations under the lease. In other words, the plaintiff wants to leave the defendants without a deposit; the defendants insist on one but do not care whether it is made by the plaintiff or Martin's. The trial court did not answer the questions[1] cate-

---

[1] The questions asked of the court were: (1) Upon the stipulated facts herein stated, is the plaintiff entitled to the return of the $10,000 deposited with the defendants? (2) Was the plaintiff absolved from any and all obligations under the terms of the original

gorically but decided that Martin's was obligated to make the deposit and that thereupon the plaintiff would be entitled to a return of its deposit and would be absolved from its obligations under the lease.

A tenant who has performed all of his obligations under a lease is entitled to the return of a deposit made to secure the payment of rent and the performance of covenants. *Thibault* v. *Frechette,* 135 Conn. 170, 175, 62 A. 2d 863; I Underhill, Landlord & Tenant, § 370; 4 Thompson, Real Property (Perm. Ed.) § 1706, note; 52 C. J. S. 218, § 473. Paragraph 15 of the lease entitles the plaintiff to a release of its obligations on the performance of certain conditions. The facts found show that the plaintiff has complied with all of those conditions.

The construction of the lease depends on the intention of the parties as gathered from the language used in the light of the surrounding circumstances. *Johnson* v. *Phoenix Mutual Life Ins. Co.,* 46 Conn. 92, 101. The lessee is favored in case of ambiguity. 51 C. J. S. 859. There is nothing in the language of paragraph 16 of the lease which makes it apparent that the parties intended that the $10,000 deposit must be actually paid by the assignee before the assignment would be effective to relieve the plaintiff of its obligations as tenant. Paragraph 15 does expressly provide, however, that, for the plaintiff to be relieved of its obligations, a new tenant who is financially responsible must deliver a written agreement to the defendants "assuming the obligation of the original Tenant under this lease." The stipulated facts show that this was done by Martin's and the plaintiff. Thereupon

---

lease? (3) Is it necessary for Martin's, Inc., to deposit with the defendants $10,000 as security for the faithful performance of the covenants of the lease by it in the event the $10,000 is returned to the plaintiff in this action?

the plaintiff became entitled upon request to receive a release of its liability under the lease and to have its $10,000 deposit returned. Whether the defendants have the right to exact from Martin's a $10,000 deposit in place of it we do not decide. Martin's is not a party to the present action. This issue would have to be determined in another action between Martin's and the defendants.

As appears from what we have just said, the third question cannot be answered in the present action. Each of the first two questions should have been answered "Yes."

There is error, the judgment is set aside and the case is remanded for entry of judgment in accordance with this opinion.

In this opinion the other judges concurred.