ANN H. RANDALL *v.* PARKMEADOW, INC.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

228

Argued June 10—decided July 28, 1953

*Harold J. Eisenberg,* for the appellee (defendant). *Williams,* for the appellant (plaintiff).

*Harold J. Eisenberg,* for the appellee (defendant).

CORNELL, J. The plaintiff as lessee brought this action against the defendant as lessor seeking the reformation of a lease of premises at 178 Ann Street in Hartford and a declaratory judgment as to its interpretation. The court rendered judgment for the defendant and the plaintiff has appealed. In argument in this court the plaintiff expressly abandoned any claim for reformation, so that the only issue is as to the interpretation of the lease. It was for the term of five years and contained a provision for renewal for a like period. The plaintiff claims that, while the defendant had a right to cancel the lease during the renewal period, this right was operative only in the event of a sale of the property before notice of cancellation. The defendant, on the other hand, claims that its right of cancellation during the renewal period was not conditioned upon a sale of the property, but that this condition was, by the terms of the lease, confined to the original term.

The court's finding, which is not attacked, may be summarized as follows: The plaintiff entered into

negotiations with the defendant for a lease of the premises as a school for the teaching of music, painting and acting. Improvements in the building were necessary to the extent of $3000. It was agreed that the plaintiff would make and pay for them and that the defendant would reimburse her for one-third of the cost. A draft of a five-year lease, to commence September 1, 1945, was prepared by the defendant's attorney. It provided that the defendant would have the option to cancel the lease at the end of any year on ninety days' written notice and that the plaintiff would have an option to renew the lease for a term of five years at an increased rental. The plaintiff objected to the cancellation provision and after her objections were reported by the defendant's attorney to its president, the latter consented to surrender the right to cancel at the end of the first or second year of the original term and to condition the right to cancel at the end of the third or fourth year upon a sale of the premises. Since the improvements paid for by the plaintiff were to be amortized over the period of five years of the original term, the defendant's president further agreed to reimburse the plaintiff in the amount of $1300 if the lease was canceled at the end of the third year and $900 if at the end of the fourth year. He further consented to advance the cancellation date during the renewal period from September 1 to July 1 to save the plaintiff two months' rent, since the school year ended in June.

As executed, the lease contained a paragraph embodying the cancellation conditions in these words: "On September 1, 1948, in the event that the premises . . . are sold by the lessor, the lessor shall have the option to cancel said lease upon the payment of Thirteen Hundred (1,300) Dollars to the lessee. On

September 1, 1949, the lessor shall have the option to cancel said lease in the event said premises are sold upon the payment of Nine Hundred (900) Dollars." Then followed a provision requiring the lessor to give the lessee written notice of its intention to cancel ninety days before the cancellation date.

Another paragraph gave the lessee the option of a lease for a period of five years from the expiration date of the original lease "on the same terms and conditions except that under such new lease the rental shall be at the rate of Two Hundred (200) Dollars per month and the provision for the payment of any moneys under the cancellation clause shall not be included." After a stipulation for written notice by the lessee of the exercise of this option, the paragraph concluded: "In such renewal lease the lessor shall have the option to cancel said lease during the term thereof but only upon giving at least ninety (90) days' written notice by registered mail before the first day of July in any year during the term of such renewal lease." The only change in this last sentence from the original draft was in substituting July 1 for September 1.

The plaintiff exercised her option to renew the lease for a further period of five years from September 1, 1950; no new lease was executed and the plaintiff has continued to occupy the premises under the original instrument. About March 28, 1951, the defendant gave the plaintiff written notice of the cancellation of the lease as of July 1, 1951. At the time of the notice the building had not been sold nor had the defendant agreed to sell it.

The plaintiff claims that it was the intention of the parties that the lease could be renewed "on the same terms and conditions" except only that the rent would be increased, that if there were a cancellation, the

cancellation date would be July 1 rather than September 1, and that no money would be paid under the cancellation clause. She argues from this assumption that the provision in the original lease, conditioning the cancellation upon a sale of the premises by the lessor, carries over to the renewal term. This claim ignores the explicit language of the provision, quoted in the third paragraph of this opinion. The condition of a sale of the property is definitely and expressly attached only to the termination dates of the third and fourth years of the term. It is provided that on September 1, 1948, in the event the premises are sold by the lessor, it shall have the option to cancel; and also that on September 1, 1949, it shall have the option to cancel in the event they are sold. If carried over to the renewal period, these clauses would be meaningless. The provision that the lease may be renewed "on the same terms and conditions" means only those terms and conditions which would be relevant to a renewal term. Thus, for example, the provision in the lease which gives the lessor the right to cancel the option for renewal in the event of a sale would obviously not be applicable to the renewal term; nor would the provision which gives the lessee the option to renew be carried forward to the renewal term, thus permitting her to renew the lease indefinitely. We conclude that the clause in question, conditioning the option to cancel on a sale of the property, is limited to a cancellation as of September 1, 1948, and September 1, 1949.

This interpretation is reinforced by the final, unambiguous sentence of the paragraph giving the lessee the option to renew. "In such renewal lease the lessor shall have the option to cancel said lease during the term thereof" upon giving the required notice. No limitation or condition is embodied or

suggested in the quoted words. To add to them "in the event of a sale of the property" would be to import into the contract something which the parties did not say. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used. *Ives* v. *Willimantic,* 121 Conn. 408, 411, 185 A. 427. A lease is to be construed according to the intention of the parties as gathered from the language used in the light of the surrounding circumstances. *Connecticut Land & Mortgage Co.* v. *Lesser,* 136 Conn. 580, 583, 72 A.2d 805. The language used is clear and there is nothing in the surrounding circumstances recited in the finding to support the interpretation urged by the plaintiff that the parties intended that the lease could be canceled during the renewal period only in the event of a sale of the building.

There is no error.

In this opinion the other judges concurred.