SANTO PERRUCCIO *v.* ROY C. ALLEN ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued March 7—decided March 20, 1968

*Morton H. Libbey* and *James A. Totten,* for the appellants (defendants).

*Anthony A. Tomaro,* for the appellee (plaintiff).

HOUSE, J. The facts in this case are not in dispute. The defendants were associated with a yachting club in East Hartford and wished to have a marina on the Connecticut River. In April, 1959, they leased land fronting on the river to the plaintiff for the purpose of erecting and maintaining boating docks and boating facilities. The lease was for a term of two years at a rental of $50 a year with an option for the plaintiff to renew the lease for an additional term of three years at a rental of $75 a year. Both parties were represented by counsel at the time of the drafting and execution of the lease although both are now represented by other than their original counsel. The plaintiff, exercising his option, operated the leasehold premises during the full term of the lease until April, 1964. In building the marina, he expended moneys and contributed labor to the value of $2600. At the conclusion of the term

of the lease in April, 1964, the plaintiff surrendered the premises and left the marina to the defendants. At that time, there was no good will incident to the boating business conducted on the premises.

A paragraph of the lease which the parties have referred to as paragraph 7 provided: "The Lessee agrees to build all necessary boating docks on the River and land located on the demised premises at his own expense. However, upon the termination of this lease for any reason, the Lessors herein agree to reimburse said Lessee for all the costs of erecting said docks, plus the good will of said boating business. The costs of erection shall not include monies paid to the Lessee from other sources." The decisive question is whether the words "upon termination of this lease for any reason" include the ending of the lease by expiration of the term of years provided therein.

Relying on this paragraph of the lease, the plaintiff brought this action for reimbursement from the defendants for the cost of constructing the docks. It is his contention that the words "termination" and "expiration" as used in the lease are synonymous and that the word "termination," as used in paragraph 7 of the lease, especially when it is coupled with the unqualified and unequivocal phrase "for any reason," encompasses any ending of the lease, including the end of the period of its duration.

It is the contention of the defendants that the parties intended a technical or special meaning for the word "termination" as used in paragraph 7 of the lease and that the plaintiff was entitled to reimbursement only if his leasehold term was ended prior to the expiration of the full five-year term of the lease.

The court concluded that the provision "upon the

termination of this lease for any reason" applied to any termination or ending of the lease and, accordingly, rendered judgment for the plaintiff in the amount of $2600. From that judgment the defendants have taken this appeal.

On the basis of the facts which it found and from an examination of all of the provisions of the lease, the court, applying the proper rules for its construction, could reasonably and logically have reached the conclusion which it did. In *Ingalls* v. *Roger Smith Hotels Corporation,* 143 Conn. 1, 6, 118 A.2d 463, we said: "A lease is a contract. *Cohn* v. *Fennelly,* 138 Conn. 474, 476, 86 A.2d 183. In construing it, three elementary principles must be kept constantly in mind: (1) The intention of the parties is controlling and must be gathered from the language of the lease in the light of the circumstances surrounding the parties at the execution of the instrument; (2) the language must be given its ordinary meaning unless a technical or special meaning is clearly intended; (3) the lease must be construed as a whole and in such a manner as to give effect to every provision, if reasonably possible. *Perkins* v. *Eagle Lock Co.,* 118 Conn. 658, 663, 174 A. 77. If the language is ambiguous, the construction which favors the lessee should be adopted. *Connecticut Land & Mortgage Co.* v. *Lesser,* 136 Conn. 580, 583, 72 A.2d 805. Furthermore, an unexpressed intent is of no significance. *Ziulkoski* v. *Barker,* 94 Conn. 491, 494, 109 A. 185. The controlling factor is the intent expressed in the lease, not the intent which the parties may have had or which the court believes they ought to have had. *Hansel* v. *Hartford-Connecticut Trust Co.,* 133 Conn. 181, 194, 49 A.2d 666; *Colonial Trust Co.* v. *Hilton, Inc.,* 111 Conn. 77, 83, 149 A. 513." We later reaffirmed this general

rule, noting that it was subject to the principle that "if the terms of an instrument are fairly susceptible of two or more interpretations, the one which is the more equitable, reasonable and rational is to be preferred." *Texaco, Inc.* v. *Rogow,* 150 Conn. 401, 408, 190 A.2d 48.

The record affords no basis for any determination of equities between the parties, and we cannot say that the claimed interpretation of "termination" by either party is, under the circumstances, more reasonable or rational or that any technical or special meaning of the word was clearly intended. Webster's Third New International Dictionary defines "termination" as "end in time or existence: close, cessation, conclusion . . . the act of terminating . . . or bringing to an end or concluding." It defines "expiration" as "the fact of coming to an end; termination, close, extinction." Black's Law Dictionary (4th Ed.) defines "expiration" as "cessation; termination from mere lapse of time; as the expiration of a lease, statute, and the like." It defines "terminate" as "[t]o put an end to; to make to cease; to end."

The trial court concluded that, in the ordinary meaning of the word, "termination" is a synonym for "expiration" and that as used in paragraph 7 of the lease it included termination of the lease by expiration of its time or term. As the court also noted, precisely the same result is reached by applying the principle to which we have already referred, i.e., that if the language is ambiguous, the construction which favors the lessee should be adopted. *Ingalls* v. *Roger Smith Hotels Corporation,* 143 Conn. 1, 6, 118 A.2d 463. This is a generally applied and well-settled rule of construction when the words of a lease are doubtful in meaning or susceptible of

more than one construction. See 4 Tiffany, Law of Real Property (3d Ed.) § 978, and cases cited.

The court could reasonably and logically and by the proper application of accepted rules for the construction of ambiguities in a lease have reached the conclusion which it did.

There is no error.

In this opinion KING, C. J., and ALCORN and THIM, Js., concurred; RYAN, J., dissented.