## Dewart Building Partnership *v.* Union Trust Company et al.
### (3308)

Hull, Spallone and Daly, Js.

Argued May 15—decision released August 13, 1985

*Robert B. Shapiro,* for the appellants (defendants Union Trust Company and Winthrop Associates).

*C. George Kanabis,* with whom, on the brief, were *Melvin Scott* and *Rebecca Golub,* for the appellee (plaintiff).

Hull, J. This appeal presents two narrow issues: (1) whether a termination clause in a commercial lease operated to terminate a tenancy automatically on non-payment of rent; and (2) if it did not, whether the les-

sor was under an obligation to make reasonable efforts to mitigate its damages. The trial court, *Schaller, J.*, granted the plaintiff-lessor's motion for summary judgment. Judgment was rendered for the plaintiff in the amount of $21,490.72, plus interest of $1869.86, and from this judgment the defendants appeal. We find no error.

On April 23, 1974, the defendant Union Trust Company (Union), leased commercial property in the city of New London from the plaintiff pursuant to a written lease. Prior to the expiration of the lease, Union notified the plaintiff that it had assigned its lease to the defendant Winthrop Associates and that Winthrop would, thereafter, be responsible for payment of the rent. Winthrop never occupied the property, but it did pay the rent from May through October, 1982. After October, 1982, no further rental payments were made by either of the defendants although the lease was not due to expire until February, 1984.

In August, 1983, the plaintiff filed the present action against the defendants for accrued rent due under the lease. Each side moved for summary judgment. The court granted the plaintiff's motion for summary judgment and denied the defendants' motions. The defendants[1] appeal from that judgment.

The defendants claim that the trial court erred in granting the plaintiff's motion for summary judgment. In support of this claim, the defendants rely on a termination clause in Union's lease with the plaintiff. The clause provides that "if said rent shall remain unpaid ten (10) days after the same shall become payable . . . then the lease shall thereupon, by virtue of this express stipulation . . . expire and terminate." The defend-

---

[1] The trial court granted the motion to strike filed by a third defendant, Schnip Development Corporation. That defendant is not a party to this appeal.

ants assert that this clause operated to terminate their tenancy automatically when they failed to pay the November, 1982 rent. Under this analysis, the defendants claim that they did not owe the plaintiff any rent and that the court, therefore, should have denied the plaintiff's motion for summary judgment and granted the defendants' countermotions.

The Supreme Court has interpreted termination clauses similar to the one at issue in this case and has consistently held that nonpayment of rent does not automatically terminate the tenancy. *Thompson* v. *Coe,* 96 Conn. 644, 115 A. 219 (1921). The tenancy ends only when the lessor takes some action which unambiguously demonstrates his intent to terminate the tenancy. *Hartford Wheel Club* v. *Travelers Ins. Co.,* 78 Conn. 355, 62 A. 207 (1905).

The defendants claim that the common law interpretation of this termination clause does not apply in the present case. In support of this claim, the defendants rely on the Supreme Court's decision in *Perruccio* v. *Allen,* 156 Conn. 282, 240 A.2d 912 (1968). There, the Supreme Court stated that "the language [of a lease] must be given its ordinary meaning unless a technical or special meaning is clearly intended . . . ." *Perruccio* v. *Allen,* supra, 285. The defendants claim that since the lease contained no indication that a technical meaning of the termination clause was intended, the trial court erred in applying the common law meaning.

The defendants' argument fails because it ignores the Supreme Court's decision in *Judd* v. *Mutual Bank & Trust Co.,* 114 Conn. 553, 159 A. 487 (1932). In *Judd,* the court stated that "[i]f, ultimately, it does not appear that the intention expressed by the lease is other than in accord with the technical meaning of a condition subsequent, *or if such presumption as arises from the use*

*of the term is not effectively overcome and rebutted by other legitimate and admissible considerations,* that meaning is to be given effect." (Emphasis added.) Id., 559. *Judd* and *Perruccio* are not inconsistent. Both recognize that "the mere use of the technical term ought not and does not necessarily foreclose resort to other accepted means of ascertainment of the actual intent sought to be expressed . . . ." *Judd* v. *Mutual Bank & Trust Co.,* supra. Under these cases, the defendants were entitled to show the existence of special circumstances which would indicate that they did not intend to incorporate the common law meaning of the termination clause.

The defendants failed to meet the burden necessary to make such a showing. In a summary judgment proceeding, " '[o]nce the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issues. *Bartha* v. *Waterbury House Wrecking Co.,* [190 Conn. 8, 11, 459 A.2d 115 (1983)]; *Farrell* v. *Farrell,* 182 Conn. 34, 38, 428 A.2d 415 (1980); *Rusco Industries, Inc.* v. *Hartford Housing Authority,* 168 Conn. 1, 5, 357 A.2d 484 (1975).' " *Barnes* v. *Schlein,* 192 Conn. 732, 738, 473 A.2d 1221 (1984).

Here, the plaintiff introduced evidence demonstrating that no disputed fact existed. In response, the defendants did not claim that a disputed fact existed. The affidavit the defendants submitted in opposition to the plaintiff's motion for summary judgment did not allege special circumstances which would show an intent to modify the common law. Rather than claim an intent to modify the common law, the defendants insisted that their lease automatically terminated, as a matter of law, when they failed to pay the rent. As explained above, the defendants' interpretation of the law was incorrect.

Since the defendants did not meet the burden necessary to demonstrate the existence of a disputed factual issue, the common law interpretation of the termination clause did apply. It was undisputed in this case that the plaintiff took no action to terminate the tenancy as required at common law. Therefore, the defendants remained bound by their lease and the trial court was correct in granting the plaintiff's motion for summary judgment.

The defendants also claim that the trial court erred in finding that the plaintiff had no obligation to make reasonable efforts to mitigate its damages. Connecticut law is clear on this point. In an action for rent due, a lessor of commercial property is generally under no obligation to mitigate his damages after the lessee fails to pay rent. *White* v. *Miller,* 111 Conn. 53, 58, 149 A. 237 (1930). Such an obligation arises only if the lessor manifests an intent to terminate the tenancy either by taking an unequivocal act showing this intent or by bringing an action for damages based on the tenant's breach of contract. *Sagamore Corporation* v. *Willcutt,* 120 Conn. 315, 318, 180 A. 464 (1935). As stated above, the plaintiff sued for rent due and it did not elect to terminate the tenancy. Under these circumstances, the plaintiff was under no duty to mitigate its damages.

There is no error.

In this opinion the other judges concurred.