[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Charles F. Dean, Jr. and H20 Resource, Inc., bring this action against the defendant, Ridgefield Water Supply Company, to recover rental payments claimed due under the terms of a written instrument dated August 17, 1989 (Ex. 2).
The writing, titled "Lease and Purchase Agreement," concerns a parcel of land consisting of 3.113 acres, located in the Town of Ridgefield.
The agreement is for a term of fifteen (15) years, commencing May 4, 1989 and ending May 3, 2004.
The defendant agreed to pay the plaintiff the sum of $445 per month for the first five years of the agreement (Ex. A, para. 3).
Thereafter, it was agreed that rent would be paid according to a formula for the ten year balance of the agreement, but in no event would the rent be less than $1590 per month.
Prior to entering into the agreement with the defendant, the plaintiff, Charles F. Dean, Jr., purchased the property in question from James Bacchiochi, Jr. and Aldo Bacchiochi, for $35,000.
Dean took title to the property through a deed dated May 4 1989, recorded at Volume 403, pp. 987-89 of the land records of the Town of Ridgefield (Ex. 1).
Following the signing of the Lease and Purchase Agreement (Ex. 2), a Notice of Lease was recorded at Volume 408, pp. 442-43 of the Ridgefield land records (Ex. 3).
The plaintiff, Charles F. Dean, Jr., assigned his interest in the Lease and Purchase Agreement to the plaintiff, H20 Resource, Inc., through a written assignment dated March 23, 1995, recorded in Ridgefield at Volume 506, p. 168 (Ex. 7.)
On August 21, 1989, the defendant, Ridgefield Water Supply Company, requested approval of the Department of Public Utility Control (DPUC) of two lease and purchase agreements involving the plaintiff, Charles F. Dean, Jr., including the agreement which is the subject of this action. CT Page 1170
In making the application, the defendant, Ridgefield Water Supply Company, explained, by way of background, that it was not in a position to purchase the property outright from the plaintiff's grantors. Due to the defendant's lack of financial resources, the type of arrangement contemplated in exhibit 2 was necessary in order to preserve the land as an additional source of water in the future.
The defendant, Ridgefield Water Supply Company, further informed the DPUC that it had no immediate plans to utilize the parcel as a supply source, and that the primary purpose of the application was to secure sources of supply for future use (Ex. 4, p. 3).
Although the plaintiff, Charles F. Dean, Jr., in addition to being a real estate broker specializing in commercial property, was also a member of the defendant's Advisory Council, the DPUC found that the arrangement (Ex. 2) was an arm's length transaction, negotiated in the best interest of the ratepayers (Ex. 4, p. 9).
The Lease and Purchase Agreement provides for a fifteen year lease, followed by acquisition of the property by the defendant funded by purchase money mortgages.
The DPUC did not approve the financing arrangement, as it is required to do under the provisions of § 16-43 (b) of the Connecticut General Statutes, claiming that such approval "at this time would be premature." (Ex. 4, p. 10).
However, the application was approved, subject to submission of an application pursuant to § 16-43 (a), should short term financing be necessary following the expiration of the fifteen year lease term (Ex. 4, p. 10).
The defendant paid rent under the agreement, and made some payments until November of 1995.
For the initial five years of the lease, May 4, 1989 to April, 1994, payments of $445 per month were made to the plaintiff as mandated by paragraph 3 (a) of the Lease and Purchase Agreement (Ex. 2).
Although the Lease and Purchase Agreement provided for minimum monthly payments of $1590 for the ten year balance of the lease term, the defendant continued to pay rent at the rate of $445 per month from May of 1994 until October 1, 1995.
During that period, the parties entered into negotiations aimed at CT Page 1171 revising the terms and conditions of the Lease and Purchase Agreement (Ex. 5, Ex. 8 and Ex. 10).
The defendant also continued to meet its obligations regarding the payment of taxes as required by paragraph 3 (f) of the Lease and Purchase Agreement.
The defendant has continued to pay taxes on the property (Ex. 6).
The defendant admits, in its answer, that no rent has been paid since November 1, 1995.
The plaintiff instituted this action to collect rent claimed to be due under the Lease and Purchase Agreement. The defendant has refused payment, claiming that the terms of the Lease and Purchase Agreement are unenforceable, in that a specific condition precedent to enforcement has not been satisfied.
The defendant points to paragraph 12 of the Agreement (Ex. 2), which states: "This agreement is subject to the approval of the State Health Department, and the Department of Public Utility Control."
The defendant set up the plaintiff's failure to obtain DPUC approval in its special defense, and amended its special defense prior to trial to include the failure to obtain the approval of the Department of Health as an express condition.
The plaintiff, in its reply dated October 7, 1996, claims continued payment of rent, alleges that the defendant exercised its rights under the lease agreement, and claims that there has been a waiver of the defendant's right to assert paragraph 12 as a defense to its obligation to pay rent.
Testimony was received on November 11, 1997 and November 21, 1997, from the plaintiff, Charles F. Dean, Jr., Michael Hage of the Connecticut Department of Health, and Glenn Thornhill of the Bridgeport Hydraulic Company.
The Bridgeport Hydraulic Company acquired the Ridgefield Water Supply Company subsequent to the Lease and Purchase Agreement, and assumed the obligations of the Ridgefield Water Supply Company.
The question presented is whether compliance with paragraph 12 of the Lease and Purchase Agreement (Ex. 2) is a condition precedent to the plaintiff's right to recover for rent due under the agreement. CT Page 1172
The defendant claims that failure to receive approval of both the Department of Health and the Department of Public Utility Control (DPUC) excuses performance, and renders all terms and conditions of the Lease and Purchase Agreement void.
Contracting parties are of course free to impose conditions upon contractual liability. Brauer v. Freccia, 159 Conn. 289, 293-94 (1970);Strimiska v. Yates, 158 Conn. 179, 185 (1969).
A lease is a contract which transfers an estate in real property to a tenant for a stated period. "Its distinguishing characteristic is the surrender of possession by the landlord to the tenant so that he may occupy the land or tenement leased to the exclusion of the landlord himself." Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598,601 (1953). All of the necessary ingredients for a lease are present in exhibit 2.
A condition precedent is a fact or event which the parties believe must exist or take place before there is a right to performance. If the condition is not fulfilled, the right to enforce the contract does not come into existence. Whether a provision in a contract is a condition, the nonfulfillment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in light of all the surrounding circumstances when the contract was executed. K. A. Thompson Electric Co. v. Wesco, Inc.,27 Conn. App. 120, 124 (1992); Lach v. Cahill, 138 Conn. 418, 421 (1951);Feinberg v. Berglewicz, 32 Conn. App. 857, 860 (1993).
An examination of the exhibits introduced at trial, and the testimony at trial, compels the conclusion that the parties to the Lease and Purchase Agreement did not intend that failure to obtain Department of Health and/or Department of Public Utility Control (DPUC) approval would excuse the defendant from his obligation to pay rent under the agreement.
The lease is for a specific term of years. During the first five years, rent was to be paid at $445 per month, which figure increased to a minimum of $1590 per month over the final ten years.
There was no guarantee that the wells would produce water at any time, under the express terms of the lease (para. 3(c)).
The defendant, in its application to the DPUC, stated that the reason for the unorthodox Lease and Purchase Agreement resulted from its financial inability to purchase any property outright. Instead, the arrangement allowed the defendant to preserve sites for eventual use, CT Page 1173 without the necessity of owning the land, or making any significant capital investment.
The defendant correctly points out that § 16-43 (b) mandates DPUC approval of a long-term financing agreement. The Lease and Purchase Agreement in question requires no long-term financing until fifteen years have passed. Therefore, it is not surprising that the DPUC would find approval "premature" for an event which would take place fifteen years hence.
The DPUC found, without apparent objection from either the plaintiff or the defendant, that the lease and purchase components of the agreement (Ex. 2) were separable, and found that the agreement was in the public interest. (Ex. 4, p. 10.)
Other provisions of the agreement include the defendant having the right to occupy the property "without any representations on the part of the Landlord or its agents as to the present or future condition of said premises." (Ex. 2, para. 5).
The agreement contemplates that the premises might not be used for water purposes during the term of the lease. The approval of the Department of Health is not a condition precedent to the obligation to pay rent.
The lease further specifically provides, in paragraph 25 (b):
 [i]f any term or provision of this lease shall to any extent be invalid or unenforceable, the remainder of this lease shall not be affected thereby and the terms and provisions not affected shall be valid and enforceable to the fullest extent either hereunder or as permitted by law.
The defendant, Ridgefield Water Supply Company, paid rent under the agreement, and in fact discussed altering the terms of the agreement with the plaintiff. Only after the Bridgeport Hydraulic Company became the owner of the Ridgefield Water Supply Company, and subject to the defendant's obligations, did payment of rent cease.
Failure to comply with paragraph 12 of the Lease and Purchase Agreement, based upon the language of the agreement and the circumstances surrounding its signing, does not relieve the defendant of its obligation to pay rent.
Although the finding that compliance with paragraph 12 is not a CT Page 1174 condition precedent to enforcing rights under the Lease and Purchase Agreement (Ex. 2) is dispositive of the issue in this case, it should be noted that the defendant would not automatically or necessarily prevail, were the clause found to be a condition precedent to imposing contractual liability.
The traditional principle of strict compliance with conditions required by the agreement of the parties has been tempered by the recognition that the occurrence of a condition may, in appropriate circumstances, be excused in order to avoid a disproportionate forfeiture.Aetna Casualty Surety Co. v. Murphy, 206 Conn. 409, 413 (1988); 2 Restatement (Second), Contracts (1981) S. 229.
DAMAGES
Both parties acknowledge that the Lease and Purchase Agreement is a commercial transaction. The plaintiffs are seeking rent due under the agreement
In an action for rent due, a lessor of commercial property is under no obligation to mitigate damages after a lessee fails to pay rent. White v.Miller, 111 Conn. 53, 58 (1930). An obligation to mitigate would arise only if the lessor took some unequivocal act designed to terminate the tenancy. DeWart Building Partnership v. Union Trust Co.,4 Conn. App. 683, 687 (1985).
In this case, the plaintiffs have sued for rent due, and have not elected to terminate the tenancy. Therefore, no duty to mitigate arises.
The plaintiff claims, based upon the testimony of Charles F. Dean, Jr., to be due the sum of $91,253.60 through November 1, 1997, including $73,909.29 plus $17,334.31 in interest.
Mr. Dean further testified to having incurred attorneys fees in the amount of $1500.
Taxes have been fully paid.
The lease contains no acceleration clause, which would immediately make all rent due upon default.
Paragraph 23 of the Lease and Purchase Agreement allows for recovery of attorney's fees to the prevailing party, and costs of prosecuting or defending an action. No provision is made for prejudgment interest. The only mention of interest involves "sums paid or obligations incurred CT Page 1175 with interest and costs." No evidence of any expenditures or obligations, other than the attorneys fees, was presented by either party.
The plaintiff, Charles F. Dean, Jr., testified that $445 per month was received for the first five years, in accordance with the terms of the lease (Tr., November 17, 1997, p. 18).
Between May 1, 1994 and November 1, 1995, payments of $445 per month were made, although the lease called for payments of $1590 per month at a minimum. The defendant's monthly payments were $1145 less than required by the Lease and Purchase Agreement.
No payments were made between November 1, 1995 through December 1, 1997, a period of twenty-five months.
Total unpaid rent is, therefore, as follows:
 $20,610 (May 1, 1994 to November 1, 1995, $1145 per month) $39,750 (November 1, 1995 to December 1, 1997, $1590 per month)
$60,360 TOTAL RENT DUE
FINDINGS
Based upon the evidence presented and the exhibits, the court makes the following findings:
1. It is found that in August, 1989, the plaintiff, Charles F. Dean, Jr., and the defendant, Ridgefield Water Supply Company, entered into a Lease and Purchase Agreement concerning 3.113 acres of land located in Ridgefield, Connecticut, for a term of fifteen years, May 4, 1989 to May 3, 2004.
2. It is found that the use of the property is restricted to water supply purposes only.
3. It is found that prior to entering into an agreement with the defendant, Ridgefield Water Supply Company, the plaintiff, Charles F. Dean, Jr., purchased the property for $35,000 from James Bacchiochi, Jr. and Aldo Bacchiochi, and took title by way of a warranty deed dated May 4, 1989.
4. It is found that the plaintiff, Charles F. Dean, Jr., assigned the Lease and Purchase Agreement to the plaintiff, H20 Resource, Inc., through a written assignment dated March 23, 1995, recorded at Volume 506, p. 168 of the Ridgefield land records (Ex. 7). CT Page 1176
5. It is found that the defendant, Ridgefield Water Supply Company, applied to the Connecticut Department of Public Utility Control (DPUC) for approval of the Lease and Purchase Agreement, and that a decision by the DPUC was rendered on March 15, 1990 (Ex. 4).
6. It is found that the defendant, Ridgefield Water Supply Company, did not have the financial resources to purchase the property, and entered into the Lease and Purchase Agreement to preserve the land as an additional water source in the future.
7. It is found that the DPUC approved the defendant's application, subject to certain orders, but did not approve certain financing arrangements as required by § 16-43 (a) of the Connecticut General Statutes, claiming such approval "at this time would be premature."
8. It is found that a well located on the property was approved as a public water source in 1985, with conditions, and the Connecticut Department of Health received no requests concerning this well filed after 1989.
9. It is found that paragraph 12 of the Lease and Purchase Agreement (Ex. 2) states: "This agreement is subject to the approval of the State Health Department and the Department of Public Utility Control."
10. It is found that compliance with paragraph 12 was not a condition precedent to enforcing rights of the parties under the Lease and Purchase Agreement, and any failure to comply with paragraph 12 did not relieve the defendant of its obligation to pay rent to the plaintiff.
11. It is found that, pursuant to the Lease and Purchase Agreement, all taxes have been paid.
12. It is found that during the first five years of the Lease and Purchase Agreement, the defendant paid to the plaintiff $445 per month as required by the agreement.
13. It is found that beginning in May of 1994, rental payments under the lease became $1590 per month, for the final 10 years of the Lease and Purchase Agreement, which was a minimum payment.
14. It is found that between May 1, 1994 and November 1, 1995, the defendant paid to the plaintiff $445 per month, which figure was $1145 per month less than required as a minimum payment by the Lease and Purchase Agreement. CT Page 1177
15. It is found that no rent has been paid from November 1, 1995 through December 1, 1997, a period of twenty-five months, for which $1590 per month is due to the plaintiff.
16. It is found that the plaintiff has incurred attorneys fees in the amount of $1500.
17. It is found that the plaintiff has taken no action to terminate the Lease and Purchase Agreement entered into in August of 1989 (Ex. 2).
It is, therefore, ORDERED that judgment may enter in favor of the plaintiffs, Charles F. Dean, Jr. and H20 Resource, Inc., against the defendant, Ridgefield Water Supply Company.
It is further ORDERED:
1. That the plaintiffs shall recover of the defendant the sum of $60,360.
2. The plaintiffs are awarded reasonable attorneys fees in the mount of $1500.
3. Costs of this action are awarded to the plaintiffs.
Radcliffe, J.