WILLIAM A. KALOSKY *v.* CITY OF WATERBURY ET AL.
(2055)

TESTO, HULL and DUPONT, Js.

Argued November 10—decision released December 27, 1983

*Gerald F. Stevens,* for the appellant (plaintiff).

*Thomas G. Parisot,* assistant corporation counsel, for the appellees (defendants).

TESTO, J. The plaintiff, a retired member of the Waterbury fire department, brought this action claiming that he was entitled to a disability pension equal to 76 percent of his annual pay. During the trial, corporation counsel for the city of Waterbury was allowed to testify on the history of art. XXXIII, § 12 of the collective bargaining agreement between the city and

Local 1339 International Association of Firefighters, AFL—CIO. The trial court admitted the evidence. Judgment was rendered for the defendants, and the plaintiff appealed.[1]

The facts can be summarized as follows: The plaintiff had been a regular member of the fire department until he sustained injuries during the course of his employment which prevented him from discharging his duties as a firefighter. The defendant Waterbury retirement board (board) granted the plaintiff a disability pension equal to 58 percent of his annual pay. The board granted the pension pursuant to division 2, § 2746 of the Waterbury city charter and article XXXIII, § 12.

The plaintiff assigns as error the trial court's ruling admitting the testimony of corporation counsel on the historical background of article XXXIII, § 12. The first sentence of § 12 provides that "[t]he parties hereto agree that, effective as of July 1, 1977, any provision to the contrary notwithstanding, an employee who applies for, and receives, a disability pension . . . shall be entitled to and shall receive, a maximum disability pension of seventy-six per cent (76%) of 'annual pay.' " According to the plaintiff, this section mandates that the board grant him, as a qualified employee, a pension equal to 76 percent.

During the trial the defendants offered the testimony of corporation counsel who had negotiated municipal contracts for the defendant city with the union representing the employee bargaining groups. He testified as to the intention of the parties in negotiating article XXXIII, § 12 and discussed division 2, § 2746 of the Waterbury city charter,[2] which is not referred

---

[1] The appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83–29, § 3 (c).

[2] Division 2, § 2746 of the Waterbury city charter states, in relevant part: "The City of Waterbury guarantees that no pension payable to a fire or police participant employed by the fire or police department on account

to in § 12. The plaintiff contends that corporation counsel should have been barred from interjecting the issue of the effect of § 2746 on § 12 because the defendants, in their answer, admitted paragraph 3 of the plaintiff's complaint which stated: "At all times mentioned herein, pension agreements between the City of Waterbury and the plaintiff were governed by a 1977-1980 Written Agreement between the City of Waterbury, Connecticut, and Local 1339 International Association of Firefighters, AFL-CIO." The defendants argue that they never admitted that the pension agreements in question were governed exclusively by § 12 and, furthermore, the failure of the plaintiff to object to the admissibility of § 2746 on this ground precludes appellate review.[3] We will not consider a claim which was neither ruled upon nor decided by the trial court adversely to the moving party. See *Roche* v. *Fairfield,* 186 Conn. 490, 505 n.14, 442 A.2d 911 (1982).

The remainder of the plaintiff's argument is that since § 12 stands by itself, it is not necessary to read it with other provisions of the city charter nor is evidence necessary for an interpretation of § 12. We do not agree. The ruling of the trial court admitting the testimony on the historical background of § 12 was correct.

---

of total and permanent disability sustained during the performance of essential duties pertaining to employment by the City of Waterbury . . . shall be less than one-half the annual rate of regular compensation received by the disabled employee at the time of disability."

[3] A portion of the direct examination of counsel relative to § 2746 was as follows:

"Q. Is that section 2746 of the Waterbury City Charter?

"A. Yes, sir.

"Q. And, that does speak to a minimum disability pension?

"A. Yes, sir.

"Q. And, what would that be?

"(Counsel for the plaintiff:)

Well, your Honor, I have no objection to the document when it's offered but I do object to counsel interpreting the document.

I mean, the document speaks for itself."

The document was then marked and received into evidence.

"Parol evidence is admissible (1) to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in a writing which indicates on its face that it does not set forth the complete agreement; (4) to show mistake or fraud." *Jay Realty, Inc.* v. *Ahearn Development Corporation,* 189 Conn. 52, 56, 553 A.2d 771 (1983); *Merritt-Chapman & Scott Corporation* v. *Mauro,* 171 Conn. 177, 194–95, 368 A.2d 44 (1976) (*Cotter, J.,* dissenting). The parol evidence was received in order to resolve the ambiguity as to the intent the parties meant to express by the phrase "shall be entitled to and shall receive a maximum disability pension of seventy-six percent of annual pay." See *Ruscito* v. *F-Dyne Electronics Co.,* 177 Conn. 149, 160, 411 A.2d 1371 (1979); *John Arborio, Inc.* v. *Scapin,* 121 Conn. 492, 498, 186 A. 488 (1936). Such evidence may properly be received to show the meaning of the word or words, as understood by the parties at the time the contract was entered into, and the meaning which may be given to them when used in connection with the particular circumstances. *Fairfield Lease Corporation* v. *Eastern Sportswear Co.,* 6 Conn. Cir. Ct. 347, 351, 273 A.2d 300 (1970).

The testimony elicited regarding the historical development of § 12 set forth the minimum parameter for disability pensions which had been included in § 2746. The evidence was necessary because the term "maximum" as used in § 12 did not refer to a minimum amount and the evidence clarified any ambiguity in the first sentence of § 12. The term "maximum" in its ordinary meaning[4] sets an upper limit of 76 percent which the board may not exceed in awarding a disability pension. The board had discretion to award a disability pen-

[4] Maximum is defined as the highest degree or point reached; upper limit of variation. Webster, Third New International Dictionary.

sion of 58 percent to the plaintiff. We hold that the testimony was properly admitted by the trial court.

There is no error.

In this opinion the other judges concurred.