THOMAS E. GOLDEN REALTY COMPANY *v.*
ECHO SIX ET AL.
(3950)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 6—decision released September 2, 1986

*Daniel Shepro,* with whom, on the brief, was *Lorraine W. Osborne,* for the appellant (plaintiff).

*John Wayne Fox,* with whom, on the brief, was *Susan L. Stratton,* for the appellee (defendant).

SPALLONE, J. The plaintiff is appealing from a judgment rendered in favor of the defendants in a consolidated summary process and civil action. The underlying dispute concerns the leasing of two parcels of land owned by the plaintiff.

On appeal, the plaintiff claims that the trial court erred (1) in finding that one of the parcels could be used for parking, (2) in relying on the opinion of the town's director of planning and zoning that parking on one of the parcels, a right of way, would not interfere with the plaintiff's use of that right of way, (3) in concluding that the plaintiff took no action to prevent construction by the named defendant until March, 1977, (4) in denying the plaintiff's offer of proof in regard to the circumstances surrounding the execution of the lease, (5) in assessing the value of the new building rather than assessing the plaintiff's equity in that building, (6) in concluding that the work done by the named defendant was an alteration and not a new building, and (7) in concluding that the named defendant complied with the lease which resulted in the court's dismissal of the summary process action.

The trial court found the facts as follows. On October 1, 1964, the plaintiff entered into a lease with the defendant Noro Company (Noro), for two tracts of land, parcel A and parcel B, located in Darien. The lease pro-

vided for an initial term of fifty years and two consecutive options to renew for two successive terms of twenty years, for a total of ninety years. The lease also provided an option to purchase, and permitted Noro to erect a building on the demised premises.

Upon leasing the premises to Noro, the plaintiff reserved a right of way over a portion of parcel A. The reservation is expressly stated in schedule A of the lease as follows: "Lessor reserves for itself, his successors and assigns, for the benefit of other property now owned by lessor adjacent thereto, a right of way for all lawful purposes in common with the lessee, including the installation of necessary utilities in, on and upon said parcel 'A.' This reservation . . . shall be included in any deed of conveyance delivered under the option to purchase on the part of the lessee under this lease." Other language of the lease pertinent to this appeal is found in article 3 (k) of the lease which provides: "Lessee may at any time make any alterations, replacements, changes, additions, improvements; and (subject to the Lessor's prior written consent which Lessor shall not unreasonably withhold) erect any new or additional buildings upon the premises." Moreover, the parties agreed that the "[l]essee may use and occupy the premises for any *lawful purpose*. Such purpose shall include but not be limited to the purpose of receiving, storing, sorting, distributing and delivering of parcels, as a parcel distribution depot, as a sorting and distributing station, and as an incident to the conduct of such business by lessee at the premises for the storing, *parking*, garaging, repairing, maintaining and servicing trucks and vehicles and for performing all work necessary or incidental thereto, including the storage and handling of motor fuels and the storage of tanks and pumps required therefor." (Emphasis added.)

Noro commenced the construction of a building in 1964 which it completed in 1965. In 1969, Noro assigned

the lease to the defendant, Darico, Inc., which, in 1976, assigned the lease to the named defendant, Echo Six (Echo). On May 11, 1976, Echo applied for and received approval from the Darien planning and zoning commission of a site plan for remodeling the existing building into a two story office building. These plans were shown to the plaintiff on June 16, 1976, and Echo proceeded with its remodeling. Although the plaintiff notified Echo by letter dated September 24, 1976, that it was in default of the lease, the plaintiff took no legal action to prevent the work until March, 1977, at which time the plaintiff commenced an action against the defendants seeking damages and equitable relief. On February 13, 1984, the plaintiff instituted a summary process action against Echo. Both actions were consolidated for trial. The court found the issues for the defendants in both cases and rendered judgment accordingly. Subsequently, the court denied the plaintiff's motion to open the judgment and this appeal followed.

The trial court expressly found and so stated in its memorandum of decision that, "the work done by the defendant on the site was an alteration not requiring consent by the plaintiff and that the removal of soil, trees and grading were a part of the improvements which defendant was entitled to make under the provisions of Article 3 (k) of the lease." The court also found "that parking is a lawful purpose and is specifically allowed under the lease as an incident to the conduct of the lessee's business."

In reaching its decision, the trial court invoked the holding of *Newfield Building Co.* v. *Mohican Co.*, 105 Conn. 488, 494, 136 A. 78 (1927), which viewed with disfavor the forfeitures of leaseholds for conditions broken and required that any construction of a contract which leads to a forfeiture should be avoided if reasonably possible. After finding that the plaintiff suffered no irreparable damages, the court refused the requested

equitable relief and concluded that "a claimed dispute over parking spaces where no irreparable damage has been shown must be weighed against defendant's 90 year lease option to purchase and improvements to the premises amounting to $2,000,000 clearly warrant the court in dismissing the summary process action as well as the action for injunction and damages."

The plaintiff's first, second, sixth and seventh claims of error are attacks on the findings of fact of the trial court. We have repeatedly asserted our position that we will not intrude on the factfinding function of the trial court. The subject of these alleged errors were contested matters on which both sides introduced evidence in an attempt to persuade the trier. By the very nature of the process of litigation, the trial court, in reaching its conclusion, may accept or reject all, or any portion of the evidence offered by the parties. Where supported by the evidence, as in this case, the trial court's findings of fact are outside the review of this court. Our function in this regard is limited solely to the determination of whether or not the decision of the trial court was clearly erroneous. Practice Book § 3060D; *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Ram Roofing & Sheet Metal Co.* v. *A. B. C. Plumbing & Heating, Inc.,* 2 Conn. App. 54, 56, 475 A.2d 341 (1984). Viewed against these principles, the plaintiff's first, second, sixth and seventh claims of error lack substance.

The plaintiff's third claim of error is that the court erred in concluding that the lessor took no action to prevent Echo's construction until March, 1977. What the court intended in its memorandum of decision when it made that statement is immaterial to the resolution of this appeal. The court expressly found the major allegations of the plaintiff, i.e., that the defendant built a new building without the written consent of the plaintiff and that the defendant interfered with its right of

way by creating parking spaces, to be unfounded. We conclude that the statement by the trial court that the plaintiff took no action to prevent the work until March, 1977, when this suit was commenced was gratuitous and is of no significance with regard to this appeal.

The plaintiff's fourth claim is that the court erred in denying its offer of proof regarding the circumstances surrounding the execution of the lease. At trial, the plaintiff attempted to introduce testimony to show what the parties understood the term "lawful purposes" to mean, as that term was used in the lease. The defendants objected to the introduction of this evidence on the grounds that it was hearsay and that the lease itself was the best evidence of the provisions contained in it. The court sustained the objection on the ground that such testimony would violate the parol evidence rule. The plaintiff excepted to the court's ruling and requested permission to make an offer of proof regarding the excluded evidence. The court refused this request, and the plaintiff again excepted.

The plaintiff's claim, in essence, challenges the propriety of the trial court's underlying evidentiary ruling in the absence of an offer of proof. In considering that ruling, we note that "[p]arol evidence is admissible (1) to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in the writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud. *Jay Realty, Inc.* v. *Ahearn Development Corporation,* 189 Conn. 52, 56, 553 A.2d 771 (1983); *Kalosky* v. *Waterbury,* 1 Conn. App. 105, 108, 468 A.2d 1260 (1983)." *Stelco Industries, Inc.* v. *Bette,* 2 Conn. App. 17, 23, 475 A.2d 1105 (1984).

The plaintiff's counsel argued that the evidence he sought to introduce was admissible to explain the use

of the term "lawful purposes" in the lease, but stated, "I don't claim that there's anything lacking in the lease." After argument by counsel, the trial court implicitly found that the language of the lease was not ambiguous. The court's determination in this regard should not be disturbed on appeal. The ordinary meaning of language used in the lease must be followed unless a technical or special meaning is clearly intended, and an unexpressed intent is of no legal significance. *Central New Haven Development Corporation* v. *La Crepe, Inc.,* 177 Conn. 212, 214–15, 413 A.2d 840 (1979); *Perruccio* v. *Allen,* 156 Conn. 282, 285, 240 A.2d 912 (1968). Once the court concluded that the alleged ambiguity did not exist, it properly excluded the proffered evidence as violative of the parol evidence rule. See *Jay Realty, Inc.* v. *Ahearn Development Corporation,* supra; *Stelco Industries, Inc.* v. *Bette,* supra; *Kalosky* v. *Waterbury,* supra. Consequently, the offer of proof regarding the alleged ambiguity was rendered unnecessary, and the trial court did not err in denying the plaintiff permission to make an offer of proof.

The plaintiff's fifth claim of error is that the court erred in assessing the value of the new building rather than assessing the plaintiff's equity. Again, as in the plaintiff's third claim of error, this claim has no materiality to this appeal. The dispositive issues here, the lack of consent to build and the creation of parking in the plaintiff's right of way, were resolved by the trier adversely to the plaintiff. Any misconception the court may have had with regard to its assessment of the value of the building, is of no significance in the resolution of this appeal. There is no merit to the plaintiff's fifth claim of error.

There is no error.

In this opinion the other judges concurred.