[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought this action to recover expenses incurred to "finish-out" space occupied by defendants under a lease. Under the lease, defendants were given an allowance of $27,800 to finish the space. Plaintiff claims that the actual expenses incurred exceeded that "allowance" by $16,270.81. Defendants deny that plaintiff is due any additional money and, by way of counterclaim, assert that plaintiff owes them $9,000 due under the agreement with plaintiff.
Defendants originally became interested in space in plaintiff's building then under renovation because of the possibility of participation in the limited partnership. The pro-forma limited partnership proposal contained a finish-out allowance of $18,800. When the possibility of participation in a limited partnership was no longer feasible, plaintiff offered the defendants $9,000 or an increase in the allowance of $9,000. Defendants testified that they understood that $9,000 would be paid to them at the end of the project. The parties agree that there was no discussion of what would happen if the actual cost of finishing the space to defendants' specifications exceeded the allowance. In fact, the cost of finishing was more than double the original allowance.
While Peter Knaus, plaintiff's witness, attributed the "over-run" in part to the floor plan chosen, that plan, drawn by an architect recommended by him to defendants, was available when he discussed the option if increasing the allowance with defendants. Robert Knaus testified that he may have told defendants that the allowance was conservative. Peter Knaus also attributed the overrun to the costs for electrical fixtures, cabinets and flooring chosen by the defendants and the fact that details of defendant's choices were furnished one by one as work progressed. Plaintiff did put defendants' space on a fast track, completing it before other space in the building and using it to show prospective tenants. Occasionally, choices were offered to defendants along with the cost of the options. Plaintiff's witness did acknowledge that his warning to defendants that certain choices have costs attached to them was a subtle one. No one from Knaus Building told defendants, as the work progressed, how much of the allowance had been used. Defendants never asked for reports on the status of the allowance.
While defendants relied on plaintiffs to do the job within CT Page 9959 the allowance, they did not communicate that expectation explicitly to plaintiffs. Defendants were aware of the general cost of some of their choices, such as light fixtures, a divider and tile and were aware of the use of a better grade ceiling in the reception area, they did not inquire as to the impact of such choices on the allowance. Despite plaintiff's knowledge that tenants often have unrealistic expectations, they did not undertake anything beyond the subtle warning referred to above. Indeed, this case presents the classical perils of a failure to communicate. Unspoken expectations are rarely met. Experienced builders never notified in making choices on a piecemeal basis nor did defendants ever ask for or receive periodic reports on the costs incurred. While plaintiff did incur expenses in excess of the $27,800 allowance, they are not entitled to recover the Knaus Company billings included in the $16,270.81 "over-run." Dealing with neophytes, they had an obligation of fair dealing, see Central New Haven Development Co. v. LaCrepe, Inc., 177 Conn. 212,217 (1979), which required some notification to defendants of the status of the allowance at a meaningful time. Plaintiff may take judgment on the first count for $8,270.81. Defendants have not proved their counterclaim and judgment will enter for plaintiff on it.
SUSCO, J.