[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant has filed a motion for summary judgment, claiming that it is entitled to judgment as a matter of law on the complaint. The first and second counts allege breach CT Page 11190 of an implied covenant of good faith and fair dealing. The third count is based on the Connecticut Unfair Trade Practices Act, which is dependent upon liability of the defendant for breach of an implied covenant of good faith and fair dealing.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. A material fact is one that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242,246, 247. In deciding whether the moving party is entitled to judgment as a matter of law, the same test is applied as the one used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364.
The briefs and documents submitted by both parties have been reviewed and considered. Both parties have discussed three cases dealing with the implied covenant of good faith and fair dealing: Central New Haven Development Corporation v. La Crepe, Inc., 177 Conn. 212; Warner v. Konover.210 Conn. 150; Eis v. Meyer, 213 Conn. 29. These cases turn, at least to some extent, upon their factual underpinnings. There are material questions of fact here as to the intent of the parties, and whether a letter to the defendant concerning a sublease was an initial inquiry as to the defendant's position and intent or a formal notice under the terms of the sublease. Where a dispute arises as to the terms of a lease, a controlling factor is the intent expressed in the lease, construed as a whole in order to give effect to every provision in it. Robinson v. Weitz, 171 Conn. 545, 551. The terms of the sublease here are extensive and complicated, and paragraph 10 itself has numerous provisos. Which one applies depends upon resolving factual issues which are, at least to some extent, disputed in this case. On a motion for summary judgment, the court determines if there are genuine issues of material fact, but does not decide any issues of fact which CT Page 11191 exist. Brown v. Housing Authority, 23 Conn. App. 624, 627. Summary judgment is not appropriate where the inferences which the parties want to have drawn deal with questions of intent. Batick v. Seymour, 186 Conn. 632, 647; Town Bank 
Trust Co. v. Benson, 176 Conn. 304, 309. Summary judgment is also not well designed for cases with complex factual issues. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,375. This case is not so clear cut that the court can determine at this time that the defendant is entitled to judgment as a matter of law.
The motion for summary judgment is denied.
Robert A. Fuller, Judge