[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a six-count revised complaint filed with the court on September 15, 1994, plaintiff AJL Enterprises Limited Partnership (AJL) seeks monies for unpaid rent as a result of the alleged breach of two lease agreements of two adjacent commercial properties located at 90 and 100 Garfield Avenue in New London, Connecticut, by the defendant, Arrow Paper Party Stores, Inc. (Arrow).
AJL also seeks consequential damages of one million dollars because of the foreclosure on the two properties when AJL could not meet its mortgage obligations after Arrow allegedly breached the leases and failed to make rent payments. In addition, AJL seeks damages for Arrow's alleged tortious breach of the implied covenant of good faith and fair dealing.
According to the facts as stated in the complaint, AJL and Arrow entered into a lease for floor space of two adjacent buildings on March 1, 1989, for a term of five years starting on January 1, 1989, and ending on December 31, 1993. The premises, while leased by Arrow as far back as 1982 from AJL's predecessor in interest, were in a state of disrepair. When AJL purchased the property from the previous owner-lessor, it allegedly expended substantial sums of money to correct structural and cosmetic deficiencies in both buildings.
On January 13, 1992, Arrow allegedly moved out of both buildings one year before its lease with AJL expired. No rent payments were received by AJL from Arrow starting from December 1991. As a result, AJL alleges that it was unable to meet its mortgage obligations and lost the buildings by foreclosure in May of 1993.
Counts one and two of the complaint seeks the sums of $122,070.72 and $59,300.00 for unpaid rents from Arrow because of its alleged breach of the lease.
Count three seeks consequential damages as a result of AJL's loss of both buildings due to foreclosure as well as for AJL's loss of monies spent in an effort to upgrade and improve the buildings.
Count four is not relevant to the current motion before the court. CT Page 757
Count five alleges that Arrow's breach of the lease agreement constitutes a tortious breach of the implied covenant of good faith and fair dealing.
Count six asserts a claim under Connecticut's Unfair Trade Practices Act.
On September 29, 1994, defendant Arrow moved to strike numbered paragraphs 16, 18 and 20 of count one, paragraphs 21, 25 and 27 of count two, paragraph 46 of count five, and paragraph 48d of count six on the ground that AJL cannot collect unpaid rents from Arrow for the months subsequent to the foreclosure actions.
By agreement of the parties, paragraph 20 of count one and paragraph 27 of count two were removed from the complaint.
Arrow also moves to strike counts three and portions of counts four and five on the ground that AJL's claim for consequential damages as a result of AJL's loss of the buildings by foreclosure are insufficient as a matter of law because the pleadings fail to establish that both parties contemplated such damages at the time the lease agreements were executed.
Lastly, Arrow moves to strike count five on the ground that Connecticut does not recognize a cause of action for tortious breach of the implied covenant of good faith and fair dealing.
AJL opposes Arrow's motion to strike, and both parties have filed timely briefs in support of their respective positions.
DISCUSSION
Under § 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted. . . ." Practice Book § 152(1). In pleading a case, "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint." Weiss v.Wiederlight, 208 Conn. 525, 535 n. 5, 546 A.2d 216 (1988) CT Page 758 quoting Stavnezer v. Sage-Allen, 146 Conn. 460, 461,152 A.2d 312 (1959). If the pleader fails to do so, "[a] motion to strike is properly granted where a . . . complaint alleges legal conclusions unsupported by facts." Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
When ruling on a motion to strike, "[a] trial court must take the facts to be those alleged in the complaint."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "The court must construe the facts in the complaint most favorably to the [pleader]'" . . ." (Citations omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . ." Westport Bank Trust Co. v. CorcoranMallin Aresco, 221 Conn. 490, 49, 605 A.2d 862 (1992).
"A motion to strike that is directed at a single paragraph of a complaint is technically improper if the paragraph does not purport to state a cause of action. SeeFromkin v. Brown, 9 CSCR 329 (March 3, 1994, Hartmere, J.); see also Moscariello v. Savo, Superior Court, Judicial District of Waterbury, Docket No. 111735 (January 11, 1994, Sylvester, J.). (A motion to strike may not challenge a subparagraph of a count unless it sets forth a separate and distinct claim.)
Because Arrow seeks to strike certain numbered subparagraphs of numerous counts of the complaint that in themselves do not state a cause of action, its motion must be denied as to those paragraphs because its motion is improper.
Therefore, Arrow's motion to strike paragraphs 16, 18 and 20 of count one, paragraphs 21, 25 and 27 of count two, paragraph 46 of count five, and paragraph 48d of count six are denied.
COUNT THREE
Count three of AJL's complaint states a claim for consequential damages as a result of its loss of the commercial properties and the improvements made thereto when AJL lost them by foreclosure. AJL opposes Arrow's motion to strike on the ground that it was foreseeable that when Arrow failed to pay the rent, AJL would be unable to make the mortgage payments because Arrow was AJL's largest tenant. CT Page 759
"A fair statement of the principle presented in [Hadleyv. Baxendale, 9 Exch. 341 (1854)] [is that] damages recoverable for breach of contract are such as may fairly and reasonably be considered as arising naturally — that is, according to the usual course of things — from the breach of the contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of its breach . . . . [T]his rule is sufficient to be applicable to every breach of contract case . . . . In Connecticut, the rule of Hadley has been the law since at least the early 1900s and continues today." (Citations omitted; internal quotation marks omitted.) Thames Shipyard Repair Co. v. Williametz, 37 Conn. Sup. 19, 22-23,428 A.2d 1143 (1978).
In AJL's pleadings, there are no facts alleging that Arrow knew or that it was foreseeable or contemplated that Arrow would be held responsible for any damages suffered by AJL if Arrow breached the leases and the mortgages were foreclosed. The paragraphs of count three merely state that the breach of the leases as set forth in the previous counts resulted in a lack of rental income by AJL. As a result of its loss of rent, AJL could not meet its mortgage obligations, and the properties were foreclosed upon. Without more, AJL cannot make out a claim for consequential damages.
The court hereby orders that count three be stricken.
To the extent that Arrow seeks to strike paragraphs 46 and 48d of counts five and six which reassert a claim for consequential damages for loss of the buildings as stated in count three, such a motion is improper on the ground that it attempts to strike paragraphs of separate and distinct counts.
Therefore, Arrow's motion is hereby denied as to those paragraphs.
COUNT FIVE
Count five states a claim for tortious breach of the implied covenant of good faith and fair dealing for Arrow's alleged creation of the conditions, mainly insufficient heat, which caused it to vacate the premises by a claim of constructive eviction. Arrow claims that there is no such CT Page 760 cause of action for tortious breach of the implied covenant of good faith in Connecticut, and that it should be stricken for failure to state a claim for which relief can be granted.
"The implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including: leases . . ." Magnan v. AnacondaIndustries, Inc., 193 Conn. 558, 566, 479 A.2d 781 (1984) citing Central New Haven Development Corp. v. La Crepe, Inc.,177 Conn. 212, 413 A.2d 840 (1979). "However, courts have also stressed that breach of contract based on tortious conduct must be alleged in terms of wanton and malicious injury, evil motive and violence for punitive damages may be awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others. (Citations omitted; internal quotation marks omitted.) Pugliov. National Grange Mutual Ins., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 0303610S (October 12, 1993, Maiocco, J.) "Elements of tort such as wanton or malicious injury or reckless indifference to the interest of others giving a tortious overtone to a breach of contract action justify an award of punitive or exemplary damages." L.F. Pace Son Inc. v. Travelers Indemnity Corp. ,9 Conn. App. 30, 48, 514 A.2d 766 (1986).
In count five of its complaint, AJL specifically pleads that Arrow created and then later reported violations of the building code to the appropriate local officials. The count further alleges that Arrow ceased using a supplemental heating unit without notifying AJL of its discontinuance and then abandoned the premises alleging constructive eviction for lack of heat. Viewing the complaint in the light most favorable to pleader and drawing the appropriate inference therefrom, AJL has alleged facts sufficient to show that Arrow acted with reckless indifference to the interests of AJL.
Therefore, Arrow's motion to strike count five of the complaint is hereby denied.
CONCLUSION
For the above stated reasons, Arrow's motion to strike the above-referenced numbered paragraphs of counts one, two and five without striking the entire count is hereby denied. CT Page 761
However, Arrow's motion to strike is granted as to count three and denied as to count five of the complaint.
Hurley, J.