[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Leroy Grant [Grant], filed this action on May 17, 1993, against the defendant, McDonald's Corporation [McDonald's]. The plaintiff seeks to recover damages for an alleged slip and fall accident involving Grant which occurred on June 28, 1991. On June 28, 1994, the court granted Grant's motion to cite in party defendant, Leroy Washington [Washington], who is the licensee and franchisee of the subject McDonald's restaurant located at 395 Cottage Grove Road, Bloomfield, Connecticut.
On June 28, 1994, Grant filed an amended revised complaint. In the first count, Grant alleges that McDonald's was negligent in that Grant slipped on the restaurant floor which had just been washed and left in an unreasonably slippery condition. As a result of said negligence, he was injured and required medical treatment. In the second count, Grant alleges that as a result of McDonald's negligence, he will continue to suffer a loss of his enjoyment of his life's leisure activities and will suffer a diminution of his future earning capacity.
On May 16, 1995, McDonald's filed a motion for summary judgment and a memorandum in opposition on the ground that there is no genuine issue of material fact regarding McDonald's liability in this action. CT Page 5261-KKKKK
Practice Book § 384 provides that summary judgment, "shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994). In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. Carriage LaneAssociate, 219 Conn. 772, 780-81, 595 A.2d 334 (1991). The test to be applied by the court is whether, on the same facts, a party would be entitled to a directed verdict. Gabrielle v. Hospital ofSt. Raphael, 33 Conn. App. 378, 382-83, 635 A.2d 1232, cert. denied, 228 Conn. 928 (1994). The "party seeking summary judgment has the burden of showing the nonexistence of any material fact."(Citation omitted; internal quotation marks omitted.)Connecticut Bank Trust Co. v. Carriage Lane Associates, supra. A material fact is one that will make a difference in the result of a case. Hammer v. Lumbermen's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "[T]he party opposing [summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 105. A party's motion for summary judgment is "properly granted if it raises at least one legally sufficient defense that would bar the [opposing party's] claim and involves no triable issue of fact." Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn., 529, 543, 494, A.2d 555 (1985).
McDonald's denies that it had possession or control of the premises at the time of this accident. McDonald's argues that according to the franchise and lease agreements with Washington, he maintained possession and control of the premises. Specifically, McDonald's argues that according to paragraph 7.03 entitled, Waiver of Claims, of the franchise agreement, Washington agreed to keep and maintain the restaurant, its equipment and furnishings in good repair. The provision states in pertinent part: "Landlord and Landlord's agents and employees will not be liable for, and Tenant waives claims for, damage to persons or property sustained by Tenant or any person claiming through Tenant resulting from any accident or occurrence in or upon the Premises or the building of which they are a part, including, but not limited to, claims for damage resulting from: (c) injury done or occasioned by wind, water or other natural element." Leasing Agreement, pages 9-10. CT Page 5261-LLLLL
Paragraph 4.02 entitled, Maintenance and Repair, provides in pertinent part: "Tenant will, at its expense, (a) keep the entire Premises, all improvements, utility lines and Tenant's or Landlord's fixtures and equipment at all times in good repair, order or condition." Leasing Agreement, page 6.
In opposition, Grant claims that there are genuine issues of material fact regarding who had control of the premises at the time and location of the accident. Grant claims that Washington was required to follow the "McDonald's System" in terms of its business policy and procedure pursuant to the terms of the franchise and license agreements. This system allegedly dictated practices relating to cleanliness such as mopping the floor.
"Liability for injuries caused by defective premises is not based upon title, but on possession and control." Farlow v.Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966). Whether a landlord [lessor] . . . has reserved control . . . ordinarily can best be determined by the intent of the parties as expressed in the terms of the lease." Martel v. Malone, 138 Conn. 385, 388-89,389 A.2d 246 (1951). When the language of a written lease is plain and unambiguous, it is not subject to interpretation or construction. See Central New Haven Development Corp. v. LaCrepe,Inc., 177 Conn. 212, 215, 413 A.2d 840 (1979). "Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." (Citations omitted.) Panaroni v.Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969).
In the present case, there are no genuine issues of material fact regarding the liability of each party defendant based upon who had control of the premises at the time of the accident. The leasing agreement between the parties explicitly provides that Washington retained exclusive possession or control of the premises. McDonald's, by agreement, is absolved from liability if an accident occurred on the premises. Therefore, there are no genuine issues of material fact as to whether McDonald's was in possession and control of the premises and is liable for the condition of the floor at the time of the accident. Accordingly, McDonald's motion for summary judgment is granted.
M. Hennessey, J. CT Page 5261-MMMMM