[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Claudia Clancy, a teacher employed by the defendant, Newtown Board of Education, and a member of the Newtown Federation of Teachers, brings this action concerning the interpretation of a collective bargaining agreement between the Newtown Board of Education and the defendant, Newtown Federation of Teachers.
Pursuant to a stipulation involving all parties, trial was held on March 19, 1998, for the limited purpose of answering the following question:
Effective August 26, 1993, was the Plaintiff contractually entitled to be placed at Step Masters 13, as opposed to Step Masters 11, of the collective bargaining agreement between the defendant Newton Board of Education and the defendant Newtown Federation of Teachers (Exhibit 3)?
Prior to the hearing, all parties entered into the following stipulations of facts:
1. The plaintiff was hired by the Board for the 1988-89 school year at B-8 of the salary schedule for that year.
2. The plaintiff has worked full time for the defendant Newtown Board of Education since her hire.
3. The plaintiff received her Masters Degree in August of 1993.
4. The Board has taken no vote to deny or withhold an increment from the plaintiff in accordance with § 29.3 of Exhibit 2.
It was agreed that the following would be received as full exhibits at the hearing:
 1. Exhibit 1 — Collective bargaining agreement for 1986-1989. CT Page 7515
2. Exhibit 2 — Collective bargaining agreement for 1989-1992.
3. Exhibit 3 — Collective bargaining agreement between 1992-1995.
4. Exhibit 4 — Reopener for Exhibit 1.
 5. Exhibit 5 — Initial contract of the plaintiff with the Newtown Board of Education.
6. Exhibit 6 — Board of Education Personnel Form.
7. Exhibit 7 — Salary history of Claudia Clancy.
The salary schedules of four other teachers, Exhibit 8, was received as a full exhibit, over the plaintiff's objection. (TR, p. 31.)
The plaintiff called no witnesses, electing to rely upon the exhibits and the stipulation of facts.
The defendant, Newtown Board of Education, produced testimony from Dr. John Reed, Newtown Superintendent of Schools.
The answer to the question posed, necessarily begins with an examination of the contract language, specifically § 29.3 (Exhibit 1, p. 22 and Exhibit 2, p. 24).
That section reads:
 Each teacher presently employed in the Newtown school system will be advanced one step above his step on the salary schedule for each year provided the Board shall not have voted to withold increment in his case, in which event the teacher must have been informed, in writing, of the specific reasons for such witholding of increments. Teachers who have reached the top step of a salary schedule and who are reemployed for the following school year shall receive the increase to which they are entitled under the provisions of Appendix C, provided the Board shall not have voted to withhold any or all of such increase, for the following school year, in the case of a particular teacher, in which event such teacher must have been informed, in writing, of the specific reason or reasons for withholding increase.
CT Page 7516
The plaintiff argues that the language of § 29.3 requires that she advance one step on the salary schedule for each year that she is employed by the Newtown Board of Education. She reached Step 10 on the Bachelors Schedule in the 1990-91 school year (Exhibit 7).
Although the question submitted is susceptible to a "Yes" or "No" response, the plaintiff argues in her memorandum of law that the proper answer is "Neither" based upon an alternative construction of the contract language.
In order to be placed at step M-13 effective August 26, 1993, the plaintiff would have to advance from Step B-10 to Step B-11 for the 1991-92 year (Exhibit 2), and from Step B-11 to B-12 for the 1992-93 year (Exhibit 3).
Both of the schedules in Exhibit 2 and Exhibit 3, contain no dollar figure under the Bachelors column after Step B-10, until a figure is provided at B-16.
The plaintiff argues, in the alternative, that she should move from Step B 10 to Step B-16 one year after having reached Step B-10, followed by advancement to Step M-15, the highest step for teachers with a Masters Degree, immediately upon receipt of her Masters Degree in 1993.
The defendant, Newtown Board of Education, counters that Step B-10 is the highest step on the Bachelors schedule, and the plaintiff could not advance beyond that step. She was, therefore, placed at Step M-11 upon receipt of her Masters Degree.
The Newtown Board of Education points to the schedule for the 1988-89 year (Exhibit 4), which shows ten steps under the Bachelors column, but made specific footnote reference to teachers with more than ten years experience, whose salaries were not shown on the schedule.
The Board also argues that salaries do not exist on any schedule for B-11 and B-12 for the 1991-92 and 1992-93 school years (Exhibit 2 and Exhibit 3).
Dr. Reed testified that the reason Step B-10 was the highest step in the Bachelors column, was because teachers were given ten years by state law to obtain a Masters Degree. (Tr., p. 38). CT Page 7517
The superintendent further explained that the capping of the Bachelors schedule at Step B-10 was proposed by the Newtown Federation of Teachers, the recognized bargaining agent for all Newtown teachers.
After the plaintiff obtained a Masters Degree, she was immediately placed on Step M-11 of the salary scale.
Based upon examination of the exhibits, and the testimony, it is found that § 29.3 of Exhibit 1 and Exhibit 2 is fairly susceptible to more than one interpretation. The plaintiff has presented two interpretations of the contract in her memorandum.
In such situations, the interpretation which is more equitable, reasonable and rational is to be preferred. Lanna v.Greene, 175 Conn. 453, 458-59 (1978).
The intention of the parties to the agreement must therefore be gathered from the instrument, in light of the circumstances existing at the time of its execution. Collins v. Sears, Roebuck Co., 164 Conn. 369, 373 (1973); Central New Haven DevelopmentCorporation v. La Crepe, Inc., 177 Conn. 212, 214-15 (1979).
The uncontradicted testimony of Dr. Reed demonstrates that the parties to the agreement intended Step B-10 to be the top step on the salary scale for teachers holding a Bachelors Degree. Furthermore, the Step B-16 notation only applied to teachers who were "grandfathered" because they had more than ten years of teaching when the contract cap was proposed by the Newtown Federation of Teachers, and accepted by the Newtown Board of Education.
The Newtown Board of Education and the defendant Federation of Teachers have applied this interpretation uniformly, and in a nondiscriminatory fashion. (Exhibit 8.)
The fact that in both Exhibit 2 and Exhibit 3, no salaries are listed for Step B-11 through Step B-15 substantiates that Step B-10 was considered the top step, and the plaintiff could not advance beyond that step on the salary scale.
Dr. Reed's testimony is also substantiated by a change in state law, regarding attaining of a Masters Degree. That testimony was not refuted. CT Page 7518
It is therefore found that effective August 26, 1993, the plaintiff, Claudia Clancy, was entitled to be placed at Step M-11 on the salary scale, pursuant to the collective bargaining agreement.
The answer to the question presented, is "no."
RADCLIFFE, J.