[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 16809
By, writ, summons and complaint, dated, February 25, 1997, the plaintiff, Tokai Financial Services, Inc., commenced this action against the defendant, Anna M. Myers, claiming, in the first count, that the defendant failed to make her periodic payments due under the lease, and, in the second count, that the defendant, as guarantor, failed to make the payments due under the lease.
The defendant, on July 10, 1997, filed her amended answer as to the first and second counts of the plaintiff's complaint and her counterclaim in two counts, the first, alleging, breach of contract and, the second, alleging violations, by the plaintiff, of Conn. Gen. Stat. Sec. 42-110a et seq. (CUTPA).
After a full trial, all parties present and/or represented by counsel, the court, based on the preponderance of the credible, relevant, reliable and legally, admissible evidence and the reasonable, rational and lawful inferences to be drawn therefrom finds, determines and rules as follows:
The plaintiff and the defendant entered into a commercial lease agreement on or about May 4, 1994, whereby the defendant leased computer equipment from the plaintiff. The lease contained two addenda for additional equipment.
The lease agreement and the addenda thereto required that the plaintiff furnish certain equipment to the defendant for which the defendant would make payments as follows; sixty (60) monthly payments of $172.21 plus sales tax, and under the addenda, fifty five (55) monthly payments of $60.47, plus sales tax and fifty three (53) monthly payments of $36.55 plus sales tax.
The plaintiff furnished the equipment and both parties abided by the terms of the lease until the end of 1995.
Disputes arose between the parties with regard to the liability for personal property taxes, late payments and the allocation of the periodic payments.
The evidence indicates, and the court so finds, that the plaintiff improperly failed to credit the defendant's periodic payments on a timely basis which resulted in improper late CT Page 16810 charges. The defendant sent a payment on December 7, 1995 that was due on December 15, 1995, and also sent a payment of January 10, 1996 that was due on January 15, 1996. Although the payments were received on time the plaintiff failed to post them in a timely manner which resulted in late charges to the defendant.
Such conduct by the plaintiff resulted in a scenario where monthly payments made by the defendant were improperly credited to late charges and property taxes then to her monthly payments. The result was that the payments were never enough to cover the alleged balance claimed by the plaintiff.
The court expressly finds that the failure of the plaintiff to properly credit the defendants payments and the resulting accrual of late charges to the defendant's account was a violation of the plaintiff's duty of good faith and fair dealing.
The relationship of the plaintiff to the defendant as lessor and lessee respectively is a contractual relationship. "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Central NewHaven Development Corporation v. La Crepe, Inc., 177 Conn. 212,217 413 A.2d 840 (1979); see also Warner v. Konover,210 Conn. 150, 154, 155 (1989).
The plaintiff's failure to act in good faith and fair dealing resulted in a breach of contract which justified the defendant's decision to make no further payments and to request return of the leased equipment. The court finds that the lease agreement had been breached by the plaintiff prior to the defendant's decision to make no further payments.
The court finds no merit to the defendant's claim that the plaintiff violated Connecticut Unfair Trade Practice Act. The events have constituted contractual disputes between the parties which did not rise to the level of CUTPA violation.
Accordingly, judgment may enter for the defendant on the first and second counts of the plaintiff's complaint.
Further, judgment may enter for the defendant on count one of her counterclaim and for the plaintiff on count two of the defendant's counterclaim.
No damages or costs are awarded to either party. Because of CT Page 16811 the plaintiff's breach, the defendant was justified in terminating the lease payments. The plaintiff provided the equipment and the defendant paid the amounts due under the lease up to the time of the breach. No damages are due either party.
SPALLONE JUDGE TRIAL REFEREE