[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Before the court is a motion for summary judgment. On February 28, 2000, the plaintiff, Elbert Gonzalez, filed a three-count complaint against the defendants, Interstate Connecticut Corporation (Interstate), Servco Industries (Servco), and GGP/Homart, Inc. (GGP). The plaintiff alleges that on August 29, 1999, he was at Hoyts Cinema, located at the Brass Mill Center, as a business invitee when he slipped and fell on the men's bathroom floor, and incurred multiple injuries. The plaintiff alleges, inter alia, that the defendants were negligent in that their respective employees failed to properly maintain and reasonably inspect the men's bathroom, and failed to warn patrons of the bathroom's dangerous condition.
On June 29, 2000, GGP filed its answer and cross complaint, wherein it denies the allegations in the complaint, and alleges in its special defense that the plaintiff was negligent in failing to reasonably care for his own safety, failing to be watchful of his surroundings and failing to reasonably use his faculties to avoid falling. In addition, GGP alleges, inter alia, in its four-count cross complaint that Servco was the direct and immediate cause of the plaintiff's injuries, and that Servco was in control of the men's bathroom to the exclusion of GGP.
On May 16, 2001, GGP filed a motion for summary judgment, along with a supporting memorandum of law, on the grounds that there are no genuine issues of material fact because it did not have possession or control over the location where the plaintiff fell.
 DISCUSSION
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co.,248 Conn. 195, 201, 727 A.2d 700 (1999). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
The dispositive issue before the court is whether GGP, as the owner of the Brass Mill Center, can be held liable for the plaintiff's injuries. Generally, "[t]he status of an entrant on another's land, be it CT Page 12998 trespasser, licensee or invitee, determines the duty that is owed to the entrant while he or she is on a landowner's property." Salaman v.Waterbury, 246 Conn. 298, 304, 717 A.2d 161 (1998). "Liability for an injury due to defective premises does not depend on title, but on possession and control." Farlow v. Andrews Corporation, 154 Conn. 220,225, 224 A.2d 546 (1966). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." (Citation omitted.) Morn v. Bell Court Condominium Assn.,Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992). Control has been defined as "the power or authority to manage, superintend, direct or oversee." (Internal quotation marks omitted.) Alderman v. Hanover Ins. Group,169 Conn. 603, 606, 363 A.2d 1102 (1975).
In this base, GGP argues that pursuant to its lease agreement with Interstate, that Interstate exclusively possessed and controlled the third floor bathroom where the plaintiff fell. "[A]s a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant. . . . The common law imposes on landlords only a duty to maintain in reasonably safe condition those areas of their premises over which they exercise control. . . ." (Citations omitted; internal quotation marks omitted.) Gore v. People's Savings Bank, 235 Conn. 360, 374-75,665 A.2d 1341 (1995). Whether control of the premises has been retained by the lessor is determined by examining the terms of the lease. SeeMartel v. Malone, 138 Conn. 385, 388-89, 85 A.2d 246 (1951). "A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v. Weitz, 171 Conn. 545, 551,370 A.2d 1066 (1976). When the language of a written lease is plain and unambiguous, it is not subject to interpretation or construction. SeeCentral New Haven Development Corp. v. La Crepe, Inc., 177 Conn. 212,215, 413 A.2d 840 (1979). Control of a premises is a question of fact, of which a lease is evidence but is not necessarily conclusive. See Panaroniv. Johnson, 158 Conn. 92, 99, 256 A.2d 246 (1969). Control is an issue of fact for the trier only where the written lease cannot be said to resolve definitively or expressly the issue of control. Id., 98-99.
GGP argues that because it did not have possession and control of the location where the plaintiff fell, it cannot be held liable. In support of its motion, GGP submitted the following: 1) a photocopy of a sworn affidavit of Karen Pollard, the general manager of GGP, wherein she attests that GGP leased the bathroom area to Interstate, and that pursuant to the lease agreement, Interstate had exclusive possession and CT Page 12999 control over that area (Pollard Aff. ¶¶ 4-7); 2) a photocopy of the plaintiff's certified deposition transcript wherein the plaintiff testified that he fell on the floor of the men's bathroom located on the third floor of the Brass Mill Center (GGP's Exhibit B); 3) a photocopy of Interstate's responses to GGP's interrogatories, dated March 14, 2001, wherein Interstate states that it was responsible for maintaining the restroom where the plaintiff allegedly fell (GGP's Exhibit C); 4) photocopies of Interstate's responses to two requests for admissions, dated February 1, 2001 and June 25, 2001, wherein Interstate states that it was responsible for and maintained the bathroom at issue, that Servco did not maintain such bathroom and that the bathroom was part of the leased premises leased by Interstate (GGP's Exhibit D); and 5) a photocopy of the lease agreement between GGP and Interstate.
In opposition, the plaintiff submitted a photocopy of the lease agreement between GGP and Interstate and a photocopy of an unsigned contract between Servco and GGP for cleaning services. The plaintiff argues that the lease agreement between GGP and Interstate is ambiguous and there are genuine issues of material fact with respect to whether GGP lacked control and possession of the men's bathroom on the third floor. Specifically, the plaintiff notes that in the description of the leased premises in Article I of the lease agreement there is no mention of bathrooms or washrooms. The plaintiff notes, however, that under Article 17 of the lease agreement, the lease describes "joint use areas" of the shopping center which includes all washrooms, lounges and shelters. Under this provision, the lease states that GGP is responsible for maintaining all joint use areas and that the joint use areas are subject to the control and management of GGP. In addition, the plaintiff notes that the cleaning contract between GGP and Servco included the entire facility and does not exclude the third floor or the third floor bathrooms. The plaintiff argues, therefore, that there is a question of fact as to which party was responsible for cleaning and maintaining the third floor bathroom.
GGP argues that there are no genuine issues of material fact because Interstate submitted admissions stating that it was responsible for maintaining the third floor men's bathroom, that the leased premises included the men's bathroom at issue, and that Interstate was in possession and control of the men's bathroom at the time of the plaintiff's fall. (GGP's Exhibits C D.) The admissions however, did not state that Interstate was in exclusive control and possession of the premises.
Because the lease agreement at issue is ambiguous, there are genuine issues of material fact. CT Page 13000
Accordingly, the motion for summary judgment is denied.
So Ordered.
Chase T. Rogers Superior Court Judge