[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter the plaintiff, a supplier and installer of kitchen cabinetry, entered into an agreement to provide cabinets and certain other items as set out in Plaintiff's Exhibit One to a dwelling being constructed for the defendant on Hollow Road in Orange, Connecticut. The contract called for a total payment by the defendant of $10,217.34 of which all has been paid except for $3,217 which amount the plaintiff claims in his complaint. In response to the plaintiff's claim the defendant denies any balance being due and sets out in her counterclaim a demand for $5,280.32, an amount made up by items which the defendant claims she was caused to expend due to the plaintiff's failure to perform properly the obligations he assumed with the execution of the contract.
The items in contention will be dealt with on an individual basis.
The defendant claims $2,400 expended to remove and replace Formica countertops. (Def. Ex. 1). This she claims became plaintiff failed to install back splashes allowing water to seep between the countertop causing delamination. The plaintiff testified that he was prepared to install Formica back splashes upon his installation of the countertops but it was the defendant's delay in making up her mind as to whether she preferred Formica or ceramic and as it turned out, no back splashes were installed for months after the counters were in use which may well have caused the delamination. The court concludes that this item of damage is not the responsibility of the plaintiff.
The defendant also claims that the plaintiff failed to properly oversee the design and installation of the stove venting and the vent which was installed by another contractor was unsightly and required a tradesman to build a new cover at a cost of $1,050. (Def. Ex. 1). The plaintiff had as part of his contract agreed to supply a particular stove together with a hood. The hood required special venting and it is the plaintiff's claim that he so advised the general contractor and the heating and ventilating subcontractor as to the requirements. Somehow communication between the CT Page 14020 parties responsible was missing and the vent as installed was unsightly and totally inappropriate except perhaps for a restaurant. See Def. Ex. 4. The court concludes that the plaintiff failed to properly liaison with the appropriate personnel to ensure that the venting was in accord with the design of the range hood as supplied by him and accordingly finds that the defendant should be compensated for the expenditure of $1,030 to remedy the shortcoming caused by the plaintiff.
The defendant also claims that she spent $230.22 for drawer pulls as the plaintiff either failed to provide them as required by the contract or his employees improperly installed them. The defendant claims she notified the plaintiff of these problems (Pl. Ex. 3) but the plaintiff refused to respond. The plaintiff took the position that since he did not get his final payment he was not going to respond to any complaints. The court observes that "every contract imposes upon each party a duty of good faith and fair dealings in its performance." Central New HavenDevelopment Corporation v. La Crepe, Inc., 177 Conn. 212, 217. Here, had the plaintiff attempted to consider the defendant's complaint, he might have been able to shed some light on this claim. However, his position was to the effect that since he wasn't getting paid he wouldn't check any of the complaints. The court finds that the defendant should recover on this claim of $230.22 as set out in Defendant's Exhibit 2.
The final claim of the def in her counterclaim is for $1,600 as damages because of the failure of the plaintiff to supply solid cherry cabinets as opposed to cherry veneer which he installed. There was testimony from the plaintiff as well as a representative of the cabinet manufacturer. There was agreement that all parties sat down initially to select the cabinets to be installed and the cabinets as installed were the ones the plaintiff selected. The defendant now complains that she thought she was getting solid cherry. The court concludes that the plaintiff supplied the cabinets as agreed and as were customary in the trade and accordingly the defendant may not recover this item of claimed damaged.
In summary, the court concludes that under the contract the plaintiff is entitled to the balance of the contract price of $3,217 but as against this amount to defendant is entitled to damages as claimed in the counterclaim of $1,280.22 making the net due to the plaintiff $1,936.78.
Judgment may enter accordingly.
___________________ George W. Ripley II Judge Trial Referee CT Page 14021